John D. O'Connor (SBN 54238)
O'CONNOR AND ASSOCIATES
One Embarcadero Center
Tenth Floor, Suite 1020
San Francisco, California 94111
Telephone: (415) 693-9960
Facsimile: (415) 981-0222

Attorneys for Plaintiffs
RICHARD ROE, RICHARD ROE II,
and DON NELSON

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD ROE, RICHARD ROE II, DON A. NELSON, Individuals, SANTUCCIO, <br><br>     Plaintiffs, <br><br> vs. <br><br> JOHN DOE, MARK CUBAN, an individual; and DALLAS BASKETBALL, LTD., a partnership, and DOES 1 through 10, <br><br>     Defendants. | Case No.: 3:09-CV-682 PJH <br><br> **DECLARATION OF JOHN D. O'CONNOR IN SUPPORT OF MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' SPECIAL MOTION TO STRIKE** <br><br> Date:      April 22, 2009 <br> Time:     9:00 a.m. <br> Courtroom:  5, 17th Floor |

I, John D. O'Connor, declare that:

    1.    I am an attorney duly licensed to practice law in all courts of the State of

California and am a principal in the law firm of John D. O'Connor & Associates, attorneys of

record for plaintiffs herein. I submit this declaration in support of plaintiffs' opposition to

defendants' motion to strike. If called to testify as a witness, I could and would competently

testify to the matters set forth in this declaration.

DECLARATION OF JOHN D. O'CONNOR IN SUPPORT OF MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' SPECIAL MOTION TO STRIKE

2. A dispute between Nelson and the Dallas Mavericks was previously the subject of an Arbitration with JAMS (JAMS Reference No. 1310016794) in Dallas, Texas. Discovery, including depositions and document productions, was conducted by and between the parties in that Arbitration.

3. Attached hereto as Exhibit 1 is a true and correct copy of the relevant pages of the deposition transcript of Mark Cuban in the JAMS Arbitration, which transcript is a true and correct rendition of the questions asked and answers given.

4. Attached hereto as Exhibit 2 is a true and correct copy of the relevant pages of the deposition transcript of Floyd Jahner in the JAMS Arbitration, which transcript is a true and correct rendition of the questions asked and answers given.

5. Attached hereto as Exhibit 3 is a true and correct copy of the relevant pages of the deposition transcript of Don Nelson in the JAMS Arbitration, which transcript is a true and correct rendition of the questions asked and answers given.

6. Attached hereto as Exhibit 4 is a true and correct copy of the relevant pages of the deposition transcript of John O'Connor in the JAMS Arbitration, which transcript is a true and correct rendition of the questions asked and answers given.

7. Attached hereto as Exhibit 5 is a true and correct copy of the initial contract between Don Nelson and the Mavericks dated February 7, 1997, which contract was produced in discovery in the JAMS Arbitration, was used in the depositions taken in the JAMS Arbitration, and was accepted into evidence at the Arbitration hearing.

8. Attached hereto as Exhibit 6 is a true and correct copy of the Fifth Amendment to the initial contract between Don Nelson and the Mavericks dated July 7, 2003, which Fifth

Amendment was produced in discovery in the JAMS Arbitration, was used in the depositions taken in the JAMS Arbitration, and was accepted into evidence at the Arbitration hearing.

9. Attached hereto as Exhibit 7 is a true and correct copy of a series of emails dated June 26-27, 2006 exchanged between Mark Cuban and Floyd Jahner, which emails were produced in discovery in the JAMS Arbitration, were used in the depositions taken in the JAMS Arbitration, and were accepted into evidence at the Arbitration hearing.

10. Attached hereto as Exhibit 8 is a true and correct copy of a series of emails dated July 26, 2006 (including an attached email dated March 19, 2005) exchanged between Mark Cuban and Floyd Jahner, which emails were produced in discovery in the JAMS Arbitration, were used in the depositions taken in the JAMS Arbitration, and were accepted into evidence at the Arbitration hearing.

11. Attached hereto as Exhibit 9 is a true and correct copy of a series of emails dated June 26-27, 2006 exchanged between Mark Cuban, Floyd Jahner and Lisa Tyner, which emails were produced in discovery in the JAMS Arbitration, were used in the depositions taken in the JAMS Arbitration, and were accepted into evidence at the Arbitration hearing.

12. Attached hereto as Exhibit 10 is a true and correct copy of a series of emails dated July 27, 2006 exchanged between Mark Cuban and Floyd Jahner, which emails were produced in discovery in the JAMS Arbitration, were used in the depositions taken in the JAMS Arbitration, and were accepted into evidence at the Arbitration hearing.

13. Attached hereto as Exhibit 11 is a true and correct copy of an email dated July 28, 2006 from Floyd Jahner to Don Nelson (mavs19@aol.com), which email was produced in discovery in the JAMS Arbitration, was used in the depositions taken in the JAMS Arbitration, and was accepted into evidence at the Arbitration hearing.

1     14.     Attached hereto as Exhibit 12 is a true and correct copy of a series of emails dated

2 July 29-31, 2006 exchanged between Don Nelson (mavs19@aol.com) and Floyd Jahner, which

3 emails were produced in discovery in the JAMS Arbitration, were used in the depositions taken in

4 the JAMS Arbitration, and were accepted into evidence at the Arbitration hearing.

5
      15.     Attached hereto as Exhibit 13 is a true and correct copy of a proposed Sixth

6 Amendment to Employment Agreement between Don Nelson and the Mavericks which was

7 prepared by the Mavericks and forwarded to Nelson, and which was produced in discovery in the

8 JAMS Arbitration, was used in the depositions taken in the JAMS Arbitration, and was accepted

9 into evidence at the Arbitration hearing.

10
      16.     Attached hereto as Exhibit 14 is a true and correct copy of an email dated

11 August 3, 2006 from Robert Rowell to John O'Connor, which email was produced in discovery in

12 the JAMS Arbitration, was used in the depositions taken in the JAMS Arbitration, and was

13 accepted into evidence at the Arbitration hearing.

14
15
16    17.     Attached hereto as Exhibit 15 is a true and correct copy of a letter dated

17 August 4, 2006 that I prepared and sent to Mark Cuban and Robert Hart.

18    18.     Attached hereto as Exhibit 16 is a true and correct copy of an email (with attached

19 Employment Agreement) dated August 29, 2006 from Robert Rowell to John O'Connor, which

20 email and attachment were produced in discovery in the JAMS Arbitration, were used in the

21 depositions taken in the JAMS Arbitration, and were accepted into evidence at the Arbitration

22 hearing.

23
24    19.     Attached hereto as Exhibit 17 is a true and correct copy of the Arbitrator's July

25 31, 2008 Interim Award in the Arbitration between Nelson and the Mavericks.

26    20.     The Arbitrator issued his Final Decision on September 10, 2008, which was

27 consistent with the Interim Award.

28

21.     On November 19, 2008, the Texas State District Court in Dallas confirmed the Final Award of the Arbitrator and entered Final Judgment in favor of Nelson and against the Mavericks in the amount of $6,306,185.85 in damages, plus $816,352.42 in attorneys' fees, plus postjudgment interest from September 10, 2008 until the judgment is satisfied.  Attached hereto as Exhibit 18 is a true and correct copy of the Final Judgment.  The matter is now on appeal by Dallas Basketball to a Texas State Appellate Court.

22.     Attached hereto as Exhibit 19 is a true and correct copy a series of emails dated September 9, 2008 exchanged between the attorneys for Nelson (Don Colleluori) and the attorneys for Dallas Mavericks (Geoffrey Harper), and another series of emails between the attorneys for the parties on November 7-8, 2008.

23.     Attached hereto as Exhibit 20 is a true and correct copy of the relevant pages of the transcript of the JAMS Arbitration that took place over two days beginning June 23, 2008.  I attended the Arbitration and the transcript is a true and correct rendition of the questions asked and answers given.

I declare under penalty of perjury under the laws of the state of California that the foregoing is true and correct.

Date:  April 1, 2009

                                             _____
                                             John D. O'Connor