EXHIBIT B

Dockets.Justia.com

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| In re:<br><br>Apple iPhone 3G Products Litigation | )<br>)<br>)    MDL Docket No.<br>)<br>) |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR TRANSFER AND CONSOLIDATION OF RELATED APPLE iPHONE 3G PRODUCTS LITIGATION
## PURSUANT TO 28 U.S.C. § 1407

PENELOPE A. PREOVOLOS
ANDREW D. MUHLBACH
HEATHER A. MOSER
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000

JAMIE A. LEVITT
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104-0185
Telephone: (212) 468-8000

DON G. RUSHING
MORRISON & FOERSTER LLP
12531 High Bluff Drive, Suite 100
San Diego, California 92130-2040
Telephone: (858) 720-5100

JEFFREY J. GREENBAUM
SILLS CUMMIS & GROSS P.C.
One Riverfront Plaza
Newark, New Jersey 07102
Telephone: (973) 643-7000

JANET T. MUNN
FELDMAN GALE, P.A.
One Biscayne Tower, 30th Floor
2 South Biscayne Boulevard
Miami, FL 33131-4332
Telephone: (305) 397-0798

*Attorneys for Defendant* APPLE INC.

# TABLE OF CONTENTS

Page(s)

TABLE OF AUTHORITIES ............................................................................ ii-iii

PRELIMINARY STATEMENT ............................................................................ 1

I.   FACTUAL BACKGROUND ..................................................................... 2

II.  ARGUMENT ................................................................................................. 3

     A.   The Actions Present Virtually Identical Questions
         of Fact ............................................................................................. 3

     B.   Transfer to the Northern District of California
         Would Best Serve the Convenience of the Parties
         and Witnesses to the Actions ......................................................... 4

     C.   Transfer to the Northern District of California Will
         Promote the Just and Efficient Conduct of the
         Actions. ........................................................................................... 6

III. CONCLUSION ............................................................................................. 9

APPENDIX ............................................................................................................ 10

APPLE'S MEM. OF LAW ISO MOT. FOR TRANSFER & CONSOLIDATION OF IPHONE 3G PRODS. LITIGATION

# TABLE OF AUTHORITIES

Page(s)

CASES

*Astra Zeneca AB v. Andrx Pharms., LLC*
   (*In re Metopropol Succinate Patent Litig.*), 329 F. Supp. 2d 1368
   (J.P.M.L. 2004) ...................................................................................8

*In re Baldwin-United Corp. Litig.*,
   581 F. Supp. 739 (J.P.M.L. 1984)................................................4, 5

*In re Bextra & Celebrex Prods. Liab. Litig.*,
   391 F. Supp. 2d 1377 (J.P.M.L. 2005)...........................................9

*In re Bristol Bay, Alaska, Salmon Fishery Antitrust Litig.*,
   424 F. Supp. 504 (J.P.M.L. 1976) ...................................................5

*In re Cross-Fla. Barge Canal Litig.*,
   329 F. Supp. 543 (J.P.M.L. 1971)....................................................6

*In re Fedex Ground Package Sys., Inc., Employment Practices Litig.*,
   381 F. Supp. 2d 1380 (J.P.M.L. 2005)............................................7

*In re Ford Motor Co. Crown Victoria Police Interceptor Prods. Liab. Litig.*,
   229 F. Supp. 2d 1377 (J.P.M.L. 2002)............................................4

*In re Helicopter Crash in Germany*,
   443 F. Supp. 447 (J.P.M.L. 1978)................................................5, 7

*In re M3Power Razor Sys. Mktg. & Sales Practices Litig.*,
   No. 1704, 2005 U.S. Dist. LEXIS 26826 (J.P.M.L. Oct. 27, 2005) .................7

*In re NorthStar Educ. Fin., Inc.*,
   No. 1990, 2008 U.S. Dist. LEXIS 99087 (J.P.M.L. Dec. 3, 2008)...................7

*In re Parcel Tanker Shipping Servs. Antitrust Litig.*,
   296 F. Supp. 2d 1370 (J.P.M.L. 2003)............................................5

*In re Pineapple Antitrust Litig.*,
   342 F. Supp. 2d 1348 (J.P.M.L. 2004)............................................8

*In re Plumbing Fixtures Litig.*,
   298 F. Supp. 484 (J.P.M.L. 1968)...................................................8

*In re Republic Nat'l-Realty Equities Sec. Litig.*,
   382 F. Supp. 1403 (J.P.M.L. 1974)..................................................7

*In re Res. Exploration, Inc., Sec. Litig.*,
   483 F. Supp. 817 (J.P.M.L. 1980)...................................................8

*In re Sugar Indus. Antitrust Litig. (East Coast)*,
   471 F. Supp. 1089 (J.P.M.L. 1979)..................................................5

*In re Sugar Indus. Antitrust Litig.*,
  395 F. Supp. 1271 (J.P.M.L. 1975)...............................................................4, 7

*In re Swine Flu Immunization Prods. Liab. Litig.*,
  446 F. Supp. 244 (J.P.M.L. 1978)...................................................................5

*In re Wireless Tel. Fed. Cost Recovery Fees Litig.*,
  293 F. Supp. 2d 1378 (J.P.M.L. 2003)............................................................7


STATUTES AND RULES

28 U.S.C.
  § 1407...........................................................................................................1, 3
  § 1407(a) ......................................................................................................3, 4

Fed. R. Civ. Proc. 23 ..........................................................................................3

Eight putative class actions alleging identical factual issues are pending against Apple in the United States District Court for the Northern District of California. Four other putative class actions that raise the same factual issues are pending against Apple in four other judicial districts. No two of these four actions are pending in the same judicial district. Pursuant to 28 U.S.C. section 1407, Apple seeks to transfer and to consolidate all twelve actions (the "Actions") in the Northern District of California.[1]

The central factual allegation in all twelve cases is identical: that Apple's iPhone 3G does not consistently or reliably access AT&T's 3G network and that the iPhone's speed, strength, and performance were misrepresented. All of the cases assert causes of action under state consumer protection, warranty, and similar laws. The Actions also allege identical or overlapping putative classes. Transfer and consolidation of the Actions therefore is essential to avoid the risk of conflicting rulings on class certification and other significant legal issues. Further, transfer and consolidation are required to avoid duplicative motion practice, discovery, and discovery disputes. Such duplication would result in unnecessary cost and burden on the courts and the parties. All twelve cases are still in their infancy, so transfer at this time is efficient.

The Northern District of California is the superior forum for these cases. Eight of the twelve plaintiffs selected this district as their preferred forum. The first-filed action is pending there. Five of the eight California actions are before the same Judge, and the parties are in the process of consolidating all eight actions. The cases with nationwide putative classes are all in this district. Apple, the only defendant common to all cases, is headquartered in the district, and a majority of witnesses and documents common to all

---

[1] A detailed description of the background of each Action is provided in an Appendix incorporated at the end of this memorandum. *See also* Schedule of Pending Actions, Exhibit A to Apple's Motion for Transfer and Consolidation.

the cases are located there. The Northern District of California has both the expertise and the resources to manage the litigation. The four cases pending outside California could readily be added to the consolidated framework that already exists in the Northern District. For all these reasons, the Panel should transfer the Actions to the Northern District of California for consolidated pretrial proceedings.

## I. FACTUAL BACKGROUND

Apple, headquartered in Cupertino, California, is one of the nation's leading technology companies. Apple's iPhone combines three products into one handheld device — a mobile phone, an iPod music player, and an Internet communications device with e-mail, web browsing, searching, and maps. AT&T is the cellular network carrier for the iPhone 3G. Apple and AT&T both sell Apple's iPhone through their respective retail stores. Every iPhone 3G is covered by Apple's One (1) Year Limited Warranty. The original iPhone went on sale in the United States on June 29, 2007. The original iPhone model relied upon AT&T's "second generation" (2.75G) network and a data protocol known as EDGE. A year later, on July 11, 2008, Apple launched a new version of the iPhone — the iPhone 3G — to replace the original iPhone. As the name implies, the iPhone 3G differs from the original iPhone with respect to the iPhone 3G's additional 3G network capabilities. The 3G, or "third generation," network is a technological advancement over the previous iPhone's EDGE protocol. The iPhone 3G is simultaneously supported by both the 3G network and the "second generation" EDGE network, which serves as a back-up network in the event a 3G network connection cannot be made with the user's iPhone.

Between August 19, 2008, and January 30, 2009, twelve putative class actions were filed, all of which allege that Apple's iPhone 3G does not consistently or reliably access AT&T's 3G network and that Apple and AT&T misrepresented to the public the

2

speed, strength, and performance of the iPhone 3G and AT&T's 3G network.[2] Three of the actions were initially filed in the Northern District of California; five others were initially filed elsewhere but have been voluntarily transferred to or refiled in the Northern District of California. All twelve of the Actions are in the very preliminary stages of litigation. In the majority of the cases, all that has happened is the filing of the complaint. Apple has answered in only two of the cases, has moved to dismiss in three other cases, and has not yet responded in eight cases. Discovery has not proceeded in any of the Actions.

## II. ARGUMENT

Consolidation of actions is appropriate under 28 U.S.C. section 1407 when: (i) the actions involve one or more common questions of fact; (ii) the transfer would serve the convenience of the parties and witnesses; and (iii) the transfer would promote the just and efficient conduct of the actions. 28 U.S.C. § 1407(a). The Actions easily satisfy each of these requirements. Similarly, under the applicable criteria, the most appropriate forum for transfer and consolidation is the Northern District of California.

### A. The Actions Present Virtually Identical Questions of Fact

These cases present identical claims.[3] Indeed, many of the complaints are classic copy-cat actions. The factual crux of every case is whether the iPhone 3G consistently or reliably accesses AT&T's 3G network, and whether Apple (and, where named, AT&T) misrepresented to the public the speed, strength, and performance of the iPhone 3G and AT&T's 3G network. Apple denies these allegations and will defend on numerous

---

[2] Apple is a defendant in all of the Actions. Either AT&T, Inc. or AT&T Mobility LLC is also named in six of the Actions.

[3] Apple in no way concedes commonality, typicality, or any other element under Federal Rules of Civil Procedure, Rule 23; Apple will oppose certification of the putative classes. However, the point of this motion is that these overlapping actions can be more efficiently and fairly litigated in one forum.

grounds. Far from being a defective product, the iPhone 3G is an extraordinarily popular and successful product. Apple denies that it violated any law of any state.

When transfer is sought pursuant to 28 U.S.C. section 1407(a), "common questions of fact" exist when, as here, the actions assert the same factual allegations. *See In re Ford Motor Co. Crown Victoria Police Interceptor Prods. Liab. Litig.*, 229 F. Supp. 2d 1377, 1378 (J.P.M.L. 2002) (explaining that common factual questions arise because all actions focus on allegations regarding the design of car's fuel tanks); *In re Baldwin-United Corp. Litig.*, 581 F. Supp. 739, 740 (J.P.M.L. 1984) (ruling that common questions of fact exist when actions share same core allegations); *In re Sugar Indus. Antitrust Litig.*, 395 F. Supp. 1271, 1273 (J.P.M.L. 1975) (ordering transfer because presence of same defendant in each action gives rise to common factual issues). The common allegations of these complaints make clear that these Actions are proper for transfer under Section 1407(a).

### B. Transfer to the Northern District of California Would Best Serve the Convenience of the Parties and Witnesses to the Actions

Transfer to and consolidation in the Northern District of California would make this litigation less costly and more convenient for all involved. Eight of the twelve actions, including the first-filed action, are already in the Northern District of California, plaintiffs having selected it as their preferred forum.[4] Five of these eight actions are before the same Judge; the parties are in the process of consolidating all eight actions. Apple's Cupertino, California headquarters is within the Northern District. The identical nature of the Actions reveals that discovery will focus on the design, testing, manufacture, advertising, marketing and warranty coverage of the iPhone 3G. Thus, the majority of the documents and witnesses common to all twelve cases are located at Apple's headquarters in the Northern District of California. This convergence of cases

---

[4]  No other district has more than one case pending.

and evidence makes the Northern District of California the most appropriate forum for the Actions. *See In re Parcel Tanker Shipping Servs. Antitrust Litig.*, 296 F. Supp. 2d 1370, 1371 (J.P.M.L. 2003) (centralizing litigation in forum where most actions pending and where defendant (and therefore, most witnesses and documents) was located); *In re Helicopter Crash in Germany*, 443 F. Supp. 447, 450 (J.P.M.L. 1978) (transferring litigation to forum where most witnesses and documents regarding design, manufacture and testing of crashed helicopter located); *In re Bristol Bay, Alaska, Salmon Fishery Antitrust Litig.*, 424 F. Supp. 504, 506-07 (J.P.M.L. 1976) (centralizing litigation in forum where defendant located and most actions pending).

The Panel has consistently rejected objections from distant plaintiffs that transfer to another district would be inconvenient and would subject them to additional cost and delay. This is because transfer makes litigation more convenient for all due to "the salutary effect of placing the . . . actions before a single judge who will be in the best position to determine the manner and extent of coordination or consolidation of the pretrial proceedings for the optimum conduct of all actions in the litigation." *In re Baldwin-United Corp. Litig.*, 581 F. Supp. 739, 740 (J.P.M.L. 1984). The Panel has stated:

> [O]ne of the purposes of coordinated or consolidated pretrial proceedings is to streamline the efforts of the parties and witnesses, their counsel and the judiciary, in order to effectuate an overall savings of cost and a minimum of inconvenience to all concerned.

*In re Bristol Bay*, 424 F. Supp. at 504, 506-07 (citations omitted) (rejecting distant plaintiffs' objections to transfer); *In re Swine Flu Immunization Prods. Liab. Litig.*, 446 F. Supp. 244, 247 (J.P.M.L. 1978) (same); *see also In re Sugar Indus. Antitrust Litig. (East Coast)*, 471 F. Supp. 1089, 1094 (J.P.M.L. 1979) (same). The *Payne, Gonzalez,* and *Ritchie* cases, which were all filed by the same plaintiffs' counsel, would also benefit

5

from consolidation in the Northern District of California because that counsel would not have to relitigate the same issues in Texas, Florida, and New Jersey.

### C. Transfer to the Northern District of California Will Promote the Just and Efficient Conduct of the Actions.

Litigation of substantially identical cases with identical or overlapping putative plaintiff classes in five different district courts offers no benefits, and will inevitably result in duplicative efforts and inconsistent rulings. If the present petition were denied, these cases would likely proceed on a needlessly costly and inefficient basis; duplicative discovery, motion practice, pre-trial conferences, and other duplicative litigation activities would be inevitable. *See, e.g., In re Cross-Fla. Barge Canal Litig.*, 329 F. Supp. 543, 544 (J.P.M.L. 1971) ("Pretrial coordination or consolidation will eliminate the likelihood of repetitive discovery in [certain] areas, serving the convenience of the parties and witnesses and furthering the just and efficient conduct of the litigation."). Moreover, there would be a high likelihood of inconsistent and/or contradictory rulings and results, especially since the district courts involved are located in five different federal appellate circuits.

This is particularly true with regard to class certification. The various class definitions overlap to a significant degree. The putative nationwide classes in *Smith, Walters, Tanseco, Pittman,* and *Ashikian*[5] encompass the statewide classes in *Gillis, Koschitzki, Keller, Medway, Payne, Gonzalez,* and *Ritchie.* Contradictory class certification decisions in these cases would disadvantage all parties. Moreover, given the factual and legal similarities in all of the cases, the analysis of the class certification issue will be largely the same even if the geographical locations of some of the classes are

---

[5] The *Keller* action's class definition could also constitute a nationwide class, as it covers "[a]ll persons in California, *or such other states of the Court [sic] determines to be appropriate. . .*" (*Keller* Complaint, ¶ 33 (emphasis added).)

6

different.[6] *See In re Fedex Ground Package Sys., Inc., Employment Practices Litig.*, 381 F. Supp. 2d 1380, 1381 (J.P.M.L. 2005) (transferring putative statewide class actions asserting state law claims over the objections of plaintiffs because all actions arose from a common factual core); *In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 293 F. Supp. 2d 1378, 1379 (J.P.M.L. 2003) (centralizing putative class actions challenging same conduct on behalf of similarly defined yet geographically separate classes). Therefore, multiple (and potentially inconsistent) adjudications of the class issue would represent a needless waste of judicial and party resources.

This Panel has "consistently held that transfer of actions under Section 1407 is appropriate, if not necessary, where the possibility of inconsistent class determination exists." *In re Sugar Indus. Antitrust Litig.*, 395 F. Supp. 1271, 1273 (J.P.M.L. 1975); *see also In re NorthStar Educ. Fin., Inc.*, No. 1990, 2008 U.S. Dist. LEXIS 99087, at *2 (J.P.M.L. Dec. 3, 2008) (consolidating actions to prevent inconsistent pretrial rulings, especially with respect to class certification where actions were brought on behalf of overlapping putative nationwide classes); *In re Republic Nat'l-Realty Equities Sec. Litig.*, 382 F. Supp. 1403, 1406 (J.P.M.L. 1974) (stressing importance of transfer when putative classes in some cases fall within the boundaries of putative classes in other cases to "eliminate the possibility of conflicting class determinations and achieve the most expeditious method of organizing the class or classes and any necessary sub-classes"). "It is in the field of class action determinations in related multidistrict civil actions that

---

[7]    The fact that the cases involve various state law claims bears no weight in the transfer analysis. "[A]lthough various actions may raise legal issues regarding application of the law of different states, this is an insufficient ground for denying transfer of this litigation under Section 1407 since such issues can be presented to and resolved by the transferee judge." *In re Helicopter Crash in Germany*, 443 F. Supp. 447, 449 (J.P.M.L. 1978). *See also In re M3 Power Razor Sys. Mktg. & Sales Practices Litig.*, No. 1704, 2005 U.S. Dist. LEXIS 26826, at * 3 (J.P.M.L. Oct. 27, 2005) (ruling that the presence of differing state law claims is outweighed when the actions arise from a common factual core). Further, the state-specific cases would be remanded to their original districts for trial. 28 U.S.C. § 1407(a).

the potential for conflicting, disorderly, chaotic judicial action is the greatest;" and where, therefore, transfer is particularly appropriate. *In re Plumbing Fixtures Litig.*, 298 F. Supp. 484, 493 (J.P.M.L. 1968).

An additional factor weighing in favor of transfer and consolidation is the possibility of future "tag-along" actions. Centralization of the Actions would provide a ready forum for new actions, if any are filed. *See Astra Zeneca AB v. Andrx Pharms., LLC (In re Metopropol Succinate Patent Litig.)*, 329 F. Supp. 2d 1368, 1370 (J.P.M.L. 2004) (granting transfer motion because assigning actions and any future tag-along actions to a single judge would promote "the just and expeditious resolution of all actions to the overall benefit of the parties and the courts.").

Furthermore, the Actions are all in preliminary stages. This maximizes the benefit of transfer and consolidation for the courts, the parties, and the witnesses. The Actions' infancy means that there will be no need for a transferee court to reconcile proceedings that have already advanced, nor will there be any significant duplication of effort by the transferee court.

Transfer to the Northern District of California would best promote the just and efficient resolution of the Actions. Five of the Actions presently located in the Northern District of California seek to certify nationwide plaintiff classes that completely encompass the statewide classes sought in the four actions pending outside California. *See In re Pineapple Antitrust Litig.*, 342 F. Supp. 2d 1348, 1349 (J.P.M.L. 2004) (centralizing litigation in forum where most comprehensive putative class actions commenced); *In re Res. Exploration, Inc., Sec. Litig.*, 483 F. Supp. 817, 822 (J.P.M.L. 1980) (same). This factor favors consolidation in the Northern District of California.

Moreover, there can be no question that the Northern District of California has the resources and the judicial expertise to manage the Apple iPhone 3G Products Litigation. The Panel's *Statistical Analysis of Multidistrict Litigation 2008, available at*

8

http://www.jpml.uscourts.gov/Statistics/Statistical-Analysis-2008.pdf (last visited March 1, 2009), indicates that this district (including Judge Ware to whom the seven of the eight Northern District of California cases are assigned) has handled numerous MDL matters. *See, e.g., In re Bextra & Celebrex Prods. Liab. Litig.*, 391 F. Supp. 2d 1377, 1379 (J.P.M.L. 2005) (assigning recent MDL matter to the Northern District of California based on its expertise and capacity to handle the litigation).

## III. CONCLUSION

For the foregoing reasons, Apple respectfully requests that the Panel grant its Motion for an order transferring and consolidating the related Apple iPhone 3G Products Litigation to the Northern District of California.

Dated: March _7_, 2009

PENELOPE A. PREOVOLOS
ANDREW D. MUHLBACH
HEATHER A. MOSER
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105
Telephone: (415) 268-7000

JAMIE A. LEVITT
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104-0185
Telephone: (212) 468-8000

Respectfully submitted,

DON G. RUSHING
MORRISON & FOERSTER LLP
12531 High Bluff Drive, Suite 100
San Diego, California 92130-2040
Telephone: (858) 720-5100

JEFFREY J. GREENBAUM
SILLS CUMMIS & GROSS P.C.
One Riverfront Plaza
Newark, NJ 07102
Telephone: (973) 643-7000

JANET T. MUNN
FELDMAN GALE, P.A.
One Biscayne Tower, 30th Floor
2 South Biscayne Boulevard
Miami, FL 33131-4332
Telephone: (305) 397-0798

By: _Penelope A. Preovolos_
     Penelope A. Preovolos

     Attorneys for Defendant
     APPLE INC.

9

## APPENDIX

I. *SMITH V. APPLE INC.* (NORTHERN DISTRICT OF
    CALIFORNIA: HON. _____)

The *Smith* action was filed on August 19, 2008, in the Northern District of

Alabama, by plaintiff Jessica Alena Smith, on behalf of a putative class of "[a]ll persons

in the United States who purchased a Defective iPhone 3G." (*Smith* Complaint, ¶ 22.)

Plaintiff filed an amended complaint on August 25, 2008, containing the same class

definition and adding a named plaintiff - Wilton Lee Triggs, II. (*Smith* Amended

Complaint, ¶ 23.)

The amended complaint asserts claims for breach of express warranty, breach of

the implied warranty of merchantability, and unjust enrichment. The complaint seeks a

variety of relief including, but not limited to, damages, injunctive and/or declaratory

relief, and attorneys' fees.

Apple moved to dismiss on October 10, 2008 on the grounds that Plaintiffs had

failed to allege compliance with the notice requirements of the Alabama Commercial

Code and Apple's One Year Limited Warranty and that the warranty precluded quasi-

contractual remedies, including unjust enrichment. The court dismissed Plaintiffs'

warranty claims with prejudice, but expressly stated that this dismissal did not affect the

rights of any members of the putative class. The court denied Apple's motion as to the

unjust enrichment claim. Apple answered the complaint on November 19, 2008. On

February 23, 2009, the Court granted plaintiffs' motion to transfer the action to the

Northern District of California. No judge has been assigned to the case yet.

Plaintiffs are represented by Heninger Garrison Davis, LLC and the Trimmier

Law Firm.

## II. *GILLIS V. APPLE COMPUTER, INC. AND AT&T, INC.* (NORTHERN DISTRICT OF CALIFORNIA: HON. JAMES WARE)

The *Gillis* action was filed on August 29, 2008, in the Superior Court of California, San Diego County, by Plaintiff William J. Gillis, Jr., individually and on behalf of a putative class of all individuals in the state of California who have purchased the iPhone 3G-8GB or the iPhone 3G-16GB. (*Gillis* Complaint, ¶ 22.) Plaintiff filed an amended complaint on September 5, 2008, defining a similar putative class: "All persons in California who purchased an iPhone 3G and AT&T 3G Service Plan." (*Gillis* Amended Complaint, ¶ 27.)

The amended complaint asserts claims for negligence, breach of the implied warranty of merchantability, fraud and deceit, negligent misrepresentation, civil conspiracy, violation of California Business & Professions Code section 17200, *et seq.*, and violation of California Business & Professions Code section 17500, *et seq.* The complaint seeks a variety of relief including, but not limited to, injunctive relief, punitive damages, disgorgement and restitution, and attorneys' fees.

Apple answered the complaint and removed the action to the Southern District of California. The case was subsequently transferred to the Northern District of California.

Plaintiff is represented by Rosner & Mansfield, LLP, Hiden, Rott & Oertle, LLP, and Doyle Lowther LLP.

## III. *WALTERS V. APPLE INC.* (NORTHERN DISTRICT OF CALIFORNIA: HON. JAMES WARE)

The *Walters* action was filed on September 12, 2008 in the Eastern District of Arkansas, Western Division, by Plaintiff Aaron Walters, individually and on behalf of a putative class of "[a]ll persons who purchased one or more iPhone 3Gs from Apple and/or its authorized retailers and a related AT&T 3G service plan from AT&T." (*Walters* Arkansas Complaint, ¶ 10.) Plaintiff filed an amended complaint on October 2, 2008, now seeking to represent a putative class of "[a]ll persons who purchased one or

11

more iPhone 3Gs from Apple and/or its authorized retailers and a related AT&T 3G service plan from AT&T." (*Walters* Arkansas Amended Complaint, ¶ 11.)

Both Apple and AT&T moved to dismiss the amended complaint. Plaintiff voluntarily dismissed his complaint without prejudice and re-filed his action in the Northern District of California on behalf of himself and the same class defined in the amended complaint. (*Walters* California Complaint, ¶ 8.) The operative complaint names only Apple as a defendant, and asserts claims for violation of California Business & Professions Code section 17200, *et seq.*, breach of express warranty, breach of the implied warranty of merchantability, and unjust enrichment. The complaint seeks a variety of relief including, but not limited to, damages, injunctive and/or declaratory relief, and attorneys' fees. Apple has not filed its Answer to the complaint.

Plaintiff is represented by Doyle Lowther LLP, Whatley Drake & Kallas LLC , Rosner & Mansfield, LLP, and Emerson Poynter LLP.

## IV.  *TANSECO V. APPLE, INC. AND AT&T, INC.* (NORTHERN DISTRICT OF CALIFORNIA: HON. RICHARD SEEBORG)

The *Tanseco* action was filed on August 29, 2008, in the District of New Jersey, by Plaintiff Eulardi Tanseco, individually and on behalf of a putative class of "all persons who purchased one or more iPhone 3Gs from Apple and/or its authorized retailers." (*Tanseco* Complaint, ¶ 14.) Plaintiff filed an amended complaint on October 31, 2008, substituting AT&T Mobility LLC for AT&T Inc. (*Tanseco* Amended Complaint, ¶ 14.)

The amended complaint asserts claims for violation of the New Jersey Consumer Fraud Act, breach of express warranty under the New Jersey Uniform Commercial Code, breach of implied warranty under the New Jersey Uniform Commercial Code, common law fraud, breach of contract, breach of an implied covenant of good faith and fair dealing, unjust enrichment, and negligent misrepresentation. The complaint seeks a

12

variety of relief including, but not limited to, damages (including punitive damages), injunctive relief, and attorneys' fees.

Apple filed a motion to dismiss Plaintiff's claims. AT&T filed a motion to compel arbitration. Plaintiff subsequently dismissed AT&T as a party moved to transfer of the action to the Northern District of California; the transfer was granted. Apple's motion to dismiss was withdrawn without prejudice.

Plaintiff is represented by Schoengold Sporn Laitman & Lometti, P.C. and Rosner & Mansfield, LLP.

## V. *KOSCHITZKI V. APPLE INC. & AT&T INC.* (EASTERN DISTRICT OF NEW YORK: HON. JACK B. WEINSTEIN)

The *Koschitzki* action was filed on September 29, 2008, in the Supreme Court of the State of New York, County of Nassau, by Plaintiff Avi Koschitzki, individually and on behalf of a putative class of New York purchasers of Apple's iPhone (3G). (*Koschitzki* Complaint, ¶ 32.) Plaintiff filed an amended complaint on November 12, 2008, on behalf of "all New York State residents who purchased defective 3G iPhones designed, marketed, manufactured, distributed, and sold by Defendants." (*Koschitzki* Amended Complaint, ¶ 40.)

The amended complaint asserts claims for breach of express warranty, breach of implied warranty of fitness of purpose, unjust enrichment, negligent misrepresentation, intentional misrepresentation, violation of section 349 of the New York General Business Law, restitution, and breach of contract. The complaint seeks a variety of relief including, but not limited to, damages (including punitive damages), declaratory relief, injunctive relief, disgorgement and restitution, and attorneys' fees.

Apple and AT&T filed motions to dismiss Plaintiff's claims, and AT&T filed a motion to compel arbitration. AT&T's motion to compel arbitration and Apple's motion to dismiss are presently scheduled for hearing on March 13, 2009.

Plaintiff is represented by Rigrodsky & Long, P.A and Stein Farkas & Schwartz LLP.

## VI. *KELLER V. APPLE, INC.* (NORTHERN DISTRICT OF CALIFORNIA: HON. JAMES WARE)

The *Keller* action was filed on November 19, 2008, in the Southern District of California, by Plaintiff Peter Keller, individually and on behalf of a putative class of "[a]ll persons in California, or such other states of [sic] the court determines to be appropriate, who purchased an iPhone 3G and AT&T 3G Service Plan." (*Keller* Complaint, ¶ 33.)

The complaint asserts claims for negligence, breach of the express warranty and implied warranty of merchantability, fraud and deceit, negligent misrepresentation, violation of California Business & Professions Code section 17200, *et seq.*, and violation of California Business & Professions Code section 17500, *et seq.* The complaint seeks a variety of relief including, but not limited to, injunctive relief, damages, disgorgement, and attorneys' fees. The case was transferred to the Northern District of California on January 7, 2009.

Plaintiff is represented by Rosner & Mansfield, LLP, Hiden, Rott & Oertle, LLP, and Doyle Lowther LLP.

## VII. *PITTMAN V. APPLE, INC.* (NORTHERN DISTRICT OF CALIFORNIA: HON. JAMES WARE)

The *Pittman* action was filed on November 26, 2008, in the Northern District of California, by Plaintiff James R. Pittman, individually and on behalf of a putative class of "[a]ll persons in the United States who owned the iPhone 3G and/or who paid for data service on the iPhone 3G." (*Pittman* Complaint, ¶ 30.)

The complaint asserts claims for negligent misrepresentation, violation of the Song-Beverly Consumer Warranty Act, violation of the Consumer Legal Remedies Act, unjust enrichment, false advertising, and violation of California Business & Professions

14

Code section 17200, *et seq.* The complaint seeks a variety of relief including, but not limited to, damages, rescission, restitution and disgorgement, imposition of a constructive trust, attorneys' fees, and equitable, injunctive, and declaratory relief.

Plaintiff is represented by Litigation Law Group and Rosner & Mansfield, LLP.

## VIII. *ASHIKIAN V. APPLE, INC., APPLE COMPUTER PERIPHERALS, INC., AND AT&T MOBILITY LLP* (NORTHERN DISTRICT OF CALIFORNIA: HON. JAMES WARE)

The *Ashikian* action was filed on December 31, 2008, in the Northern District of California, by Plaintiff Haig P. Ashikian, individually and on behalf of a putative class of "[a]ll persons who purchased a 3G iPhone and subscribed to an AT&T Service Plan." (*Ashikian* Complaint, ¶ 33.)

The complaint asserts claims for violation of California Business & Professions Code section 17200, *et seq.*, violation of the Consumer Legal Remedies Act, breach of the implied warranty of merchantability, negligent misrepresentation, false and misleading advertising, unjust enrichment, and declaratory relief. The complaint seeks a variety of relief including, but not limited to, injunctive relief, damages (including punitive damages), disgorgement, and attorneys' fees.

Plaintiff is represented by Finkelstein Thompson LLP.

## IX. *MEDWAY V. APPLE, INC.* (NORTHERN DISTRICT OF CALIFORNIA: HON. JEFFREY S. WHITE)

The *Medway* action was filed on January 26, 2009, in the Northern District of California, by Plaintiff Jacob Medway, individually and on behalf of a putative class of "all individuals in California who purchased an iPhone 3G." (*Medway* Complaint, ¶ 10.)

The complaint asserts claims for violation of California Business & Professions Code section 17200, *et seq.*, and violation of the Consumer Legal Remedies Act. The complaint seeks a variety of relief including, but not limited to, damages (including restitution), equitable relief, and attorneys' fees.

15

Plaintiff is represented by Glancy Binkow & Goldberg LLP.

**X.**   ***PAYNE V. APPLE INC. & AT&T MOBILITY LLC* (EASTERN DISTRICT OF TEXAS: HON. MICHAEL H. SCHNEIDER)**

The *Payne* action, nearly identical to the *Koschitzki* action pending in the Eastern District of New York, was filed on January 29, 2009, in the Eastern District of Texas, by Plaintiffs Alyce R. Payne, William French, Karen Michaels, and Lorna Harris, individually and on behalf of an alleged class of "all Texas residents who purchased defective 3G iPhones designed, marketed, manufactured, distributed, and sold by Defendants." (*Payne* Complaint, ¶ 41.)

The complaint asserts claims for breach of express warranty, breach of implied warranty of fitness of purpose, unjust enrichment, negligent misrepresentation, intentional misrepresentation, violation of Texas Business and Commerce Code sections 17.12 and 17.46, restitution, and breach of contract. The complaint seeks a variety of relief including, but not limited to, damages (including punitive damages), declaratory relief, injunctive relief, disgorgement and restitution, and attorneys' fees.

Plaintiff is represented by Claxton & Hill, PLLC and Faruqi & Faruqi LLP.

**XI.**   ***GONZALEZ V. APPLE INC. & AT&T MOBILITY LLC* (SOUTHERN DISTRICT OF FLORIDA: HON. PATRICIA A. SEITZ)**

The *Gonzalez* action, nearly identical to the *Koschitzki* action pending in the Eastern District of New York, was filed on January 30, 2009, in the Southern District of Florida, by Plaintiffs Onel Gonzalez and Ron J. Brayteson, individually and on behalf of a putative class of "all Florida residents who purchased defective 3G iPhones designed, marketed, manufactured, distributed, and sold by Defendants." (*Gonzalez* Complaint, ¶ 42.)

The complaint asserts claims for breach of express warranty, breach of implied warranty of fitness of purpose, unjust enrichment, negligent misrepresentation, intentional misrepresentation, violation of Title 33, Chapter 501, of Florida's Consumer Protection Act, restitution, and breach of contract. The complaint seeks a variety of relief

16

including, but not limited to, damages (including punitive damages), declaratory relief, injunctive relief, disgorgement and restitution, and attorneys' fees.

Plaintiff is represented by Faruqi & Faruqi LLP.

## XII. *RITCHIE V. APPLE INC. & AT&T MOBILITY LLC* (DISTRICT OF NEW JERSEY: HON. WILLIAM J. MARTINI)

The *Ritchie* action, nearly identical to the *Koschitzki* action pending in the Eastern District of New York, was filed on January 30, 2009, in the District of New Jersey, by Plaintiff Timothy Ritchie, individually and on behalf of a putative class of "all New Jersey residents who purchased defective 3G iPhones designed, marketed, manufactured, distributed, and sold by Defendants." (*Ritchie* Complaint, ¶ 41.)

The complaint asserts claims for breach of express warranty, breach of implied warranty of fitness of purpose, unjust enrichment, negligent misrepresentation, intentional misrepresentation, violation of Title 56, Chapter 8, of New Jersey's Consumer Protection Act, restitution, and breach of contract. The complaint seeks a variety of relief including, but not limited to, damages (including punitive damages), declaratory relief, injunctive relief, disgorgement and restitution, and attorneys' fees.

Plaintiff is represented by Lite Depalma Greenberg & Rivas, LLC, and Faruqi & Faruqi LLP.

sf-2641116

17