1    PILLSBURY WINTHROP SHAW PITTMAN LLP
     BRUCE A. ERICSON  #76342
2    DAVID L. ANDERSON #149604
     PATRICK S. THOMPSON #160804
3    JACOB R. SORENSEN  #209134
     BRIAN J. WONG #226940
4    50 Fremont Street
     Post Office Box 7880
5    San Francisco, CA  94120-7880
     Telephone:  (415) 983-1000
6    Facsimile:  (415) 983-1200
     Email:  bruce.ericson@pillsburylaw.com
7
     SIDLEY AUSTIN LLP
8    DAVID W. CARPENTER (pro hac vice application pending)
     BRADFORD A. BERENSON (pro hac vice application pending)
9    DAVID L. LAWSON (pro hac vice application pending)
     EDWARD R. McNICHOLAS (pro hac vice application pending)
10   1501 K Street, N.W.
     Washington, D.C.  20005
11   Telephone:  (202) 736-8010
     Facsimile:  (202) 736-8711
12
     Attorneys for Defendants
13   AT&T CORP. and AT&T INC.

14                    UNITED STATES DISTRICT COURT

15                 NORTHERN DISTRICT OF CALIFORNIA

16                      SAN FRANCISCO DIVISION

17
18   TASH HEPTING, GREGORY HICKS,            No. C-06-0672-VRW
     CAROLYN JEWEL and ERIK KNUTZEN
19   on Behalf of Themselves and All Others  **MOTION OF DEFENDANT AT&T**
     Similarly Situated,                     **CORP. TO FILE DOCUMENTS**
20                                           **UNDER SEAL**
                        Plaintiffs,
21                                           **[Civ. L.R. 7-11, 79-5]**
                vs.
22                                           Courtroom: 6, 17th Floor
     AT&T CORP., AT&T INC. and DOES 1-20,    Judge:      Hon. Vaughn R. Walker
23   inclusive,

24                        Defendants.

25                                           Filed concurrently:
                                             1. Declaration of Bruce A. Ericson
26                                           2. Proposed Order

27

28

1      **NOTICE OF MOTION AND MOTION TO FILE DOCUMENTS UNDER SEAL**

2      TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

3      PLEASE TAKE NOTICE that pursuant to Northern District of California Civil

4      Local Rules 7-11 and 79-5, defendant **AT&T CORP.** ("AT&T") hereby moves the Court

5      for an Order allowing it to file under seal the following documents: (1) Motion of

6      Defendant AT&T Corp. to Compel Return of Confidential Documents; Supporting

7      Memorandum (the "Confidential Motion"), and (2) the Declaration of James W. Russell in

8      Support of Motion of Defendant AT&T Corp. to Compel Return of Confidential

9      Documents (the "Confidential Russell Declaration").  AT&T respectfully submits that good

10     cause exists for the filing of these documents under seal.

11     This motion is based on the following Memorandum of Points and Authorities, the

12     Declaration of Bruce A. Ericson in Support of Motion of Defendant AT&T Corp. to File

13     Documents Under Seal, the documents in the Court file, and the Confidential Motion and

14     Confidential Russell Declaration.

15     **MEMORANDUM OF POINTS AND AUTHORITIES**

16     **I.      INTRODUCTION.**

17     This action arises from plaintiffs' allegations that AT&T assists the government in

18     carrying out a surveillance program to prevent terrorist attacks on the United States.  In

19     support of a motion for preliminary injunction that plaintiffs filed on April 5, 2006,

20     plaintiffs filed under seal the declaration of a former AT&T employee.  The employee's

21     declaration attaches three documents containing confidential and proprietary information

22     (the "Confidential Documents") that he took from AT&T.

23     The Confidential Documents were taken outside of the discovery process.  They

24     contain confidential and proprietary AT&T information.  AT&T therefore has filed the

25     Confidential Motion requesting that the Court order plaintiffs to return the documents and

26     make no further use of them unless and until they are obtained by proper means.  The

27     Confidential Motion and the Confidential Russell Declaration describe in detail the nature

28     and content of the Confidential Documents—information that the Court needs to make an

1    informed ruling on the Confidential Motion.  But as a consequence, the Confidential

2    Motion and the Confidential Russell Declaration contain highly sensitive information that,

3    if disclosed, could result in harm to AT&T and to its customers—harm completely

4    unrelated to the allegations in plaintiffs' complaint.  Putting these documents in the public

5    record would undermine the purpose of the Confidential Motion.

6    **II.      ARGUMENT.**

7          Northern District Civil Local Rule 79-5(b) provides that counsel seeking to file

8    documents under seal may file a motion under Local Rule 7-11 and may lodge with the

9    Court documents for which sealing is requested.  Civil Local Rule 79-5(a) provides that the

10   Court may order documents sealed if they are "privileged or protectable as a trade secret or

11   otherwise entitled to protection under the law . . . ."  AT&T has lodged the documents that

12   are the subject of this motion in the manner provided for in Local Rule 79-5(b).  There is

13   good cause for keeping the documents under seal.

14         This Court has the power to seal records to protect confidential and proprietary

15   business information.  Both federal and California law recognize that courts should protect

16   trade secrets or other confidential commercial information by reasonable means, and that

17   allowing the filing under seal of documents containing such information is one of these

18   means.  *See* Civil Local Rule 79-5(a); Fed. R. Civ. P. 26(c)(7) and (8) (a court may enter an

19   order protecting the confidentiality of "a trade secret or other confidential research,

20   development or commercial information," including a direction that documents or

21   information be filed under seal); Cal. Civ. Code§3426.5 ("a court shall preserve the secrecy

22   of an alleged trade secret by reasonable means, which may include granting protective

23   orders in connection with discovery proceedings, holding in-camera hearings, sealing the

24   records of the action, and ordering any person involved in the litigation not to disclose an

25   alleged trade secret without prior court approval").

26         Though the courts recognize a general right to inspect and copy public records and

27   documents, including judicial records, the Supreme Court has stated that this right is

28   limited.  "It is uncontested, however, that the right to inspect and copy judicial records is

1    not absolute.  Every court has supervisory power over its own records and files, and access

2    has been denied where court files might have become a vehicle for improper purposes."

3    *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978).  In discussing examples

4    of improper purposes, the Court indicated that courts are not to serve as "sources of

5    business information that might harm a litigant's competitive standing."  *Id.*  As the Ninth

6    Circuit has put it,

7

8          The law, however, gives district courts broad latitude to grant protective
           orders to prevent disclosure of materials for many types of information,
           including, but not limited to, trade secrets or other confidential research,
9          development, or commercial information.  *See* Fed. R. Civ. P. 26(c)(7).
           Rule 26(c) authorizes the district court to issue "any order which justice
10         requires to protect a party or person from annoyance, embarrassment,
           oppression, or undue burden."  The Supreme Court has interpreted this
11         language as conferring "broad discretion on the trial court to decide when a
           protective order is appropriate and what degree of protection is required."
12         *Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 36, 104 S.Ct. 2199, 81 L.Ed.2d
           17 (1984).

13

14   *Phillips v. General Motors Corp.,* 307 F.3d 1206, 1211 (9th Cir. 2002).

15         The Confidential Documents in this action would, if made public, harm AT&T's

16   competitive standing by disclosing proprietary processes and techniques developed through

17   investment of substantial AT&T resources.  Allowing public access to the Confidential

18   Documents would make the Court a "vehicle for improper purposes" in other ways as well.

19   As is apparent from the Confidential Russell Declaration, making the Confidential

20   Documents public would expose AT&T to a variety of physical and electronic threats,

21   including disruption of service, interception of data and theft of AT&T customer

22   information.  Exposure to these threats would harm both AT&T as well as its customers,

23   which include businesses, federal, state and local government, and private individuals like

24   the plaintiffs.  Declaration of Bruce A. Ericson in Support of Motion to File Documents

25   under Seal¶5.

26         The Confidential Documents contain detailed non-public information about critical

27   communications infrastructure operated by AT&T.  *Id.*¶3.  The information contained in

28   the Confidential Documents is confidential and proprietary, and has value to AT&T not

1   generally known to the public or AT&T's competitors.  *Id*.¶4.  AT&T takes great care in

2   preserving the confidentiality of the Confidential Documents.  *Id*.¶5.  Public disclosure of

3   the Confidential Documents could create great risk to AT&T's ability to provide services

4   and carry out its business activities.  *Id*.  The Confidential Motion and Confidential Russell

5   Declaration describe the contents of the Confidential Documents in great detail, and putting

6   them into the public record of this Court would injure AT&T in the same way as making

7   the Confidential Documents themselves public.  *Id.*¶6.

8          In *Nixon*, the Supreme Court asserted that "the decision as to access is one best left

9   to the sound discretion of the trial court, a discretion to be exercised in light of the relevant

10  facts and circumstances of the particular case."  *Nixon*, 435 U.S. at 599.  In *Phillips*, the

11  Ninth Circuit said much the same thing.  *Phillips,* 307 F.3d at 1211.  The relevant facts and

12  circumstances of this case argue for sealing the Confidential Motion and the Confidential

13  Russell Declaration.  Doing so will protect the interests of both AT&T and those that rely

14  on its services.

15  //

16  //

17  //

18

19

20

21

22

23

24

25

26

27

28

1    **III.    CONCLUSION.**

2           For the foregoing reasons, AT&T submits that good cause exists for the filing of the

3    Confidential Motion and the Confidential Russell Declaration under seal and respectfully

4    requests that the Court so order.

5           Dated:  April 10, 2006.

6                                              PILLSBURY WINTHROP SHAW PITTMAN LLP
                                               BRUCE A. ERICSON
7                                              DAVID L. ANDERSON
                                               PATRICK S. THOMPSON
8                                              JACOB R. SORENSEN
                                               BRIAN J. WONG
9                                              50 Fremont Street
                                               Post Office Box 7880
10                                             San Francisco, CA  94120-7880

11                                             SIDLEY AUSTIN LLP
                                               DAVID W. CARPENTER
12                                             BRADFORD A. BERENSON
                                               DAVID L. LAWSON
13                                             EDWARD R. McNICHOLAS
                                               1501 K Street, N.W.
14                                             Washington, D.C.  20005

15
                                               By _____/s/ Bruce A. Ericson_____
16                                                            Bruce A. Ericson

17                                             Attorneys for Defendants
                                               AT&T CORP. and AT&T INC.

18

19

20

21

22

23

24

25

26

27

28