JAMES J. BROSNAHAN (BAR NO. 34555)
TONY WEST (BAR NO. 164151)
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522
JBrosnahan@mofo.com

ISMAIL RAMSEY (BAR NO. 189820)
MILES EHRLICH (BAR NO. 237954)
RAMSEY & EHLRICH LLP
803 Hearst Avenue
Berkeley, CA 94710
Telephone: 510.548.3600
Facsimile: 510.548.3601
miles@ramsey-ehrlich.com

Attorneys for MARK KLEIN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TASH HEPTING, GREGORY HICKS, CAROLYN JEWEL and ERIK KNUTZEN on Behalf of Themselves and All Others Similarly Situated,,<br><br>Plaintiff,<br><br>v.<br><br>AT&T CORP., AT&T INC. and DOES 1-20, inclusive,<br><br>Defendant. | Case No. C-06-00672-VRW<br><br>**AMICUS CURIAE MARK KLEIN'S SUBMISSION OF LEGAL AUTHORITY REGARDING STATE SECRETS PRIVILEGE**<br><br>Hearing Date: N/A<br>Time: N/A<br>Courtroom: 6 (17th floor)<br>Judge: Hon. Vaughn Walker |

1  In its April 28, 2006 Statement of Interest, the United States indicated that it intends to appear in the instant action to assert the state secrets privilege and move for dismissal of the case. In anticipation of this filing, and to provide a legal context for the Court's consideration of this issue, amicus curiae Mark Klein respectfully submits the following legal authority regarding the government's expected invocation of the state secrets privilege.

The U.S. Supreme Court cautions that the state secrets privilege is a broad evidentiary rule that "is not to be lightly invoked." *United States v. Reynolds*, 345 U.S. 1, 7 (1953). The government, however, seeks to interrupt this action before it has even begun. Defendants AT&T Corp. and AT&T Inc. (collectively, "AT&T") have not answered the complaint, and no discovery has been exchanged. The wholesale application of the state secrets privilege, prior to any determination as to the relevance of the purportedly privileged information, is premature. Mr. Klein is confident that "with evidentiary control the litigation [can] proceed without jeopardizing national security." *In re United States*, 872 F.2d 472, 478 (D.C. Cir. 1989) (affirming denial of motion to dismiss in favor of "item-by-item determination of privilege"); *see Crater Corp. v. Lucent Technologies, Inc.*, 423 F.3d 1260, 1267-1270 (Fed. Cir. 2005) (reversing order dismissing case where factual record was not sufficiently developed to determine effect of state secrets privilege on plaintiff's claims) Indeed, the broad sweep of the privilege requires that a court must, whenever possible, separate sensitive information from nonsensitive information to allow for the release of the latter. *In re United States*, 872 F.2d at 476.

To the extent this Court decides to entertain the government's assertion of the privilege at this juncture of the proceeding, any constraints on the discovery and admissibility of evidence should be appropriately tailored. Because the plaintiffs are "entitled to a reasonably liberal scope of discovery," it is an abuse of discretion to unfairly limit discovery from non-privileged sources. *See Monarch Assurance P.L.C. v. United States*, 244 F.3d 1356, 1364-1365 (Fed. Cir. 2001) (reversing judgment for defendant and remanding to lower court to give plaintiffs full opportunity to prove their claims through discovery process).

The government will be hard-pressed to validly assert the state secrets privilege over the information in Mr. Klein's possession. That the Department of Justice reviewed the documents

obtained by Mr. Klein and blessed the disclosure of information over which it now seeks to assert the state secrets privilege suggests that sensitive matters of national security will not necessarily be revealed during this litigation – and that the government is overreaching in its attempt to shield evidence of wrongdoing from public scrutiny. *See In re United States*, 872 F.2d at 478-479 (rejecting invocation of state secrets privilege to information that plaintiff obtained largely from federal government). Moreover, unlike many other instances in which courts have considered the applicability of the state secrets privilege, the substance of all of Mr. Klein's observations are a matter of public record. *See Spock v. United States*, 464 F. Supp. 510, 520 (S.D.N.Y. 1978) (finding that dismissal of case "would undermine our country's historic commitment to the rule of law").

With respect to the government's suggestion that it will ask that the entire action be dismissed, courts have refused to recognize a categorical rule requiring dismissal whenever the state secrets privilege is validly invoked. *See DTM Research, LLC v. AT&T Corp.*, 245 F.3d 327, 334-335 (4th Cir. 2001) (holding that assertion of state secrets privilege "does not foreclose the possibility of a fair trial"). Where the plaintiffs can present a prima facie case without compromising privileged information, dismissal is not warranted. *See*, *e.g.*, *Ellsberg v. Mitchell*, 709 F.2d 51, 65, 68 (D.C. Cir. 1983). Depriving the plaintiffs of the forum provided to them by Article III, and denying Mr. Klein the freedom of speech rights guaranteed by the First Amendment, would be needlessly harsh, particularly in light of the significant public interest at stake in this case. This Court is undoubtedly capable of "using creativity and care [to] devise procedures which [will] protect the privilege and yet allow the merits of the controversy to be decided in some form." *DTM Research*, 245 F.3d at 334 (internal quotation marks and citation omitted).

In sum, Mr. Klein respectfully requests that the Court consider the guidance the legal authority presented herein provides on the issue of the state secrets privilege. Mr. Klein further requests that, for the reasons stated in his amicus brief and supporting papers, he be given an opportunity to respond to the government's forthcoming filing.

| | | |
|---|---|---|
| 1 | Dated: May 4, 2006 | Respectfully submitted, |
| 2 | | JAMES J. BROSNAHAN |
| 3 | | TONY WEST<br>MORRISON & FOERSTER LLP |
| 4 | | |
| 5 | | By: _____/s/_____ |
| 6 | | James J. Brosnahan<br>Attorneys for MARK KLEIN |
| 7 | | |
| 8 | | ISMAIL RAMSEY<br>MILES EHRLICH |
| 9 | | RAMSEY & EHLRICH LLP |
| 10 | | |
| 11 | | By: _____/s/_____ |
| 12 | | Ismail Ramsey<br>Attorneys for MARK KLEIN |

Attached hereto is an appendix and compilation of legal authorities proposed amicus curiae Mark Klein is providing to the Court for its review and consideration.

**TAB**

*Crater Corp. v. Lucent Technologies, Inc.*,
　423 F.3d 1260 (Fed. Cir. 2005) ............................................................................................... 1

*DTM Research, L.L.C. v. AT&T Corp.*,
　245 F.3d 327 (4th Cir. 2001) ................................................................................................... 2

*Ellsberg v. Mitchell*,
　709 F.2d 51 (D.C. Cir. 1983) ................................................................................................... 3

*In re United States*,
　872 F.2d 472 (D.C. Cir. 1989) ................................................................................................. 4

*Monarch Assurance P.L.C. v. United States*,
　244 F.3d 1356 (Fed. Cir. 2001) ............................................................................................... 5

*Spock v. United States*,
　464 F. Supp. 510 (S.D.N.Y. 1978) .......................................................................................... 6

*United States v. Reynolds*,
　345 U.S. 1 (1953) ..................................................................................................................... 7