PETER D. KEISLER
Assistant Attorney General, Civil Division
CARL J. NICHOLS
Deputy Assistant Attorney General
DOUGLAS N. LETTER
Terrorism Litigation Counsel
JOSEPH H. HUNT
Director, Federal Programs Branch
ANTHONY J. COPPOLINO
Special Litigation Counsel
tony.coppolino@usdoj.gov
ANDREW H. TANNENBAUM
Trial Attorney
andrew.tannenbaum@usdoj.gov
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, NW
Washington, D.C. 20001
Phone: (202) 514-4782/(202) 514-4263
Fax:    (202) 616-8460/(202) 616-8202/(202) 318-2461

Attorneys for Intervenor Defendant United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TASH HEPTING, GREGORY HICKS CAROLYN JEWEL and ERIK KNUTZEN on Behalf of Themselves and All Others Similarly Situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>AT&T CORP., AT&T INC. and DOES 1-20, inclusive,<br><br>    Defendants. | Case No. C-06-0672-VRW<br><br>NOTICE OF MOTION AND MOTION TO INTERVENE BY THE UNITED STATES OF AMERICA<br><br>Judge:         The Hon. Vaughn R. Walker<br>Hearing Date: June 21, 2006<br>Courtroom:   6, 17th Floor |

MOTION TO INTERVENE BY THE UNITED STATES OF AMERICA
Case No. C 06-0672-VRW

**NOTICE OF MOTION AND MOTION TO INTERVENE**

PLEASE TAKE NOTICE that, on June 21, 2006,[1] before the Honorable Vaughn R. Walker, intervenor United States of America will move, pursuant to Rule 24(a) of the Federal Rules of Civil Procedure, for an order allowing the United States to intervene in this action for the purpose of seeking dismissal. The grounds in support of this motion are set out in the United States' memorandum below.

**MEMORANDUM OF SUPPORTING POINTS AND AUTHORITIES**

**INTRODUCTION**

Plaintiffs, subscribers of various communications services of AT&T Corporation, bring this purported class action alleging that AT&T Corporation and AT&T Incorporated (together, "AT&T") participated in a Government program to intercept and analyze Americans' telephone and Internet communications in violation of certain federal electronic surveillance and telecommunications statutes as well as the First and Fourth Amendments of the United States Constitution. Through the present motion, the United States seeks to intervene in this action, pursuant to Federal Rule of Civil Procedure 24(a), for the purpose of seeking dismissal of this action. For the reasons set forth below, the United States clearly meets all the requirements for intervention under Rule 24(a): (1) its application for intervention is timely; (2) the United States has a significantly protectable interest relating to the subject matter of this action, *i.e.,* the preservation of state secrets, as set forth in its separate assertion of the military and states secrets privilege, and the protection of information covered by statutory privileges; (3) the United States needs to intervene because this action challenges alleged Government surveillance activities; and (4) no other party in this lawsuit could adequately represent the United States' interest. Accordingly, the United States' motion to intervene should be granted.

---

[1] The United States has filed an Administrative Motion to Set Hearing Date for the United States' Motions requesting that the Court set the hearing date for this motion and the United States' Motion To Dismiss Or, In The Alternative, For Summary Judgment, for June 21, 2006 – the present hearing date for Plaintiffs' Motion For Preliminary Injunction.

MOTION TO INTERVENE BY THE UNITED STATES OF AMERICA
Case No. C 06-0672-VRW

**FACTUAL BACKGROUND**

A. **The Terrorist Surveillance Program**

The President has explained that, following the devastating events of September 11, 2001, he authorized the National Security Agency ("NSA") to intercept international communications into and out of the United States of persons linked to al Qaeda or related terrorist organizations. *See* Press Conference of President Bush (Dec. 19, 2005), *available at* http://www.whitehouse.gov/news/releases/2005/12/20051219-2.html ("President's Press Conference"). The Attorney General has further explained that in order to intercept a communication, there must be "a reasonable basis to conclude that one party to the communication is a member of al Qaeda, affiliated with al Qaeda, or a member of an organization affiliated with al Qaeda." Press Briefing by Attorney General Alberto Gonzales and General Michael Hayden, Principal Deputy Director for National Intelligence (Dec. 19, 2005), *available at* http://www.whitehouse.gov/news/releases/2005/12/20051219-1.html. The purpose of these intercepts is to provide the United States with an early warning system to detect and prevent another catastrophic terrorist attack on the United States. *See* President's Press Conference. The President has stated that the NSA activities "ha[ve] been effective in disrupting the enemy, while safeguarding our civil liberties." *Id.*

B. **Allegations in Plaintiffs' Amended Complaint**

Following the President's statements, Plaintiffs filed the instant suit alleging that AT&T is participating in a Government program to intercept and analyze vast quantities of Americans' telephone and Internet communications "without the authorization of a court and in violation of federal electronic surveillance and telecommunications statutes, as well as the First and Fourth Amendments to the United States Constitution." Amended Complaint for Damages, Declaratory and Injunctive Relief ("Amended Complaint") ¶ 2. Plaintiffs assert that the NSA began this alleged classified surveillance program (which they call "the Program") shortly after September 11, 2001, "to intercept the telephone and Internet communications of people inside the United

States without judicial authorization. . . ." *Id*. ¶ 32. Plaintiffs state that neither the President nor the Attorney General personally approves the particular targets of the alleged surveillance; instead, they assert, NSA operational personnel identify particular persons, telephone numbers or Internet addresses as potential surveillance targets, with supervisory approval. *Id*. ¶¶ 36-37.

Plaintiffs further claim, based on their "information and belief," that NSA personnel have also "intercepted large volumes of domestic and international telephone and Internet traffic in search of patterns of interest." *Id*. ¶ 38. Plaintiffs allege that through this "data-mining program," the NSA intercepts "millions of communications made or received by people inside the United States, and uses powerful computers to scan their contents for particular names, numbers, words or phrases." *Id*. ¶ 39. They claim that the NSA analyzes this communications traffic data "to identify persons whose communications patterns the government believes may link them, even if indirectly, to investigatory targets." *Id*. ¶ 40. Plaintiffs allege that the NSA has accomplished this surveillance program by "arranging with some of the nation's largest telecommunications companies, including AT&T, to gain direct access to the telephone and Internet communications transmitted via those companies' domestic telecommunications facilities," as well as to gain access to those companies' communications records. *Id*. ¶ 41.

Plaintiffs claim that defendant AT&T has provided and continues to provide the Government with direct access to all or a substantial number of the communications transmitted through its domestic telecommunications facilities and has installed interception devices to allow for such access. *Id*. ¶¶ 42-46. They further allege that AT&T used these interception devices, and continue to use them, to acquire wire or electronic communications to which plaintiffs and purported class members were a party, as well as to acquire other information pertaining to those communications. *Id*. ¶ 47. And Plaintiffs allege that AT&T has provided the Government with direct access to their databases of stored telephone and Internet records, including those of Plaintiffs and the class members. *See, e.g., id*. ¶¶ 48-52.

Plaintiffs bring this action on behalf of themselves as well as a nationwide class of

MOTION TO INTERVENE BY THE UNITED STATES OF AMERICA
Case No. C 06-0672-VRW                    -3-

subscribers – past and present since September 2001 – of AT&T's residential telephone or Internet services.[2] *Id.* ¶ 65. They seek declaratory and injunctive relief and damages pursuant to 50 U.S.C. § 1810; 18 U.S.C. § 2520; 47 U.S.C. § 605; and 18 U.S.C. § 2707. *Id.* ¶ 66 & Counts II-VI. They also seek declaratory and injunctive relief under the First and Fourth Amendments of the U.S. Constitution. *Id.* ¶ 66 & Count I.

## ARGUMENT

## THE UNITED STATES IS ENTITLED TO INTERVENE AS A MATTER OF RIGHT

Rule 24(a) provides:

> Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Fed. R. Civ. P. 24(a). A potential intervenor must meet four requirements to satisfy Rule 24(a): "(1) the application for intervention must be timely; (2) the applicant must have a 'significantly protectable' interest relating to the property or transaction that is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect that interest; and (4) the applicant's interest must not be adequately represented by the existing parties in the lawsuit." *Southwest Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 817 (9th Cir. 2001) (citing *Northwest Forest Resource Council v. Glickman*, 82 F.3d 825, 836 (9th Cir. 1996)). The Ninth Circuit generally construes Rule 24(a) liberally in favor of potential intervenors. *Southwest Ctr. for Biological Diversity*, 268 F.3d at 818; *see also United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004) ("the

---

[2] Plaintiffs also seek a subclass of California residents that are subscribers – past and present since September 2001 – of AT&T's residential telephone or Internet services. *Id.* ¶ 67. In addition to the relief sought by Plaintiffs and the nationwide class, the California subclass seeks relief for alleged unfair, unlawful, and deceptive business practices. *See id.* Count VII.

requirements for intervention are broadly interpreted in favor of intervention"). The United States clearly meets all the standards for intervention.

First, there should be no question that the Government's motion to intervene is timely within the meaning of Rule 24. "In determining whether a motion for intervention is timely, we consider three factors: '(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." *League of United Latin American Citizens v. Wilson*, 131 F.3d 1297, 1302 (9th Cir. 1997) (quoting *County of Orange v. Air California*, 799 F.2d 535, 537 (9th Cir. 1986)). This case is only in its initial stages. Plaintiffs filed their Amended Complaint on February 22, 2006. *See* Docket No. 8. On March 6, 2006, the parties filed a Stipulation Setting Uniform Time for Defendants and Possible Intervener to Respond to Plaintiffs' Amended Complaint, in which the Court was advised of the United States' possible interest or participation in the matter. *See* Docket No. 13. On April 28, 2006, the United States filed its First Statement of Interest, which explained that the United States had determined it would assert the military and state secrets privilege (hereinafter, "state secrets privilege") and that it would, by May 12, 2006, move to intervene in this case and seek its dismissal. *See* Docket No. 82. The United States has thus moved to intervene and to dismiss or, in the alternative, for summary judgment, prior to the scheduled hearing date for Plaintiffs' motion for preliminary injunction (June 21, 2006), *see* Order Dated April 26, 2006 (Docket No. 78), and before the scheduling conference presently set for May 17, 2006. There can be no dispute that this motion is timely.

Second, the United States clearly has an interest relating to the subject matter of this action. This case involves a challenge to AT&T's alleged role in the activities described by the President relating to his authorization of NSA to intercept international communications into and out of the United States of persons linked to al Qaeda or related terrorist organizations, as well as challenges to alleged activities beyond those described by the President. The United States has asserted the state secrets privilege and statutory privileges in this matter, and is hereby moving to

intervene for the purpose of moving to dismiss or, in the alternative, for summary judgment.[3] Because the lawsuit challenges alleged intelligence activities of the United States and because the United States has asserted the state secrets privilege and statutory privileges over information at issue, the Government's interest satisfies requirements of Rule 24(a).

Third, for these very reasons – that the lawsuit challenges alleged activities of the United States and that the United States has asserted the state secrets privilege and statutory privileges – the United States is simultaneously seeking dismissal or, in the alternative, summary judgment. It is appropriate to permit the United States to intervene to seek such dismissal. *See Zuckerbraun v. General Dynamics Corp.*, 935 F.2d 544, 546-48 (2nd Cir. 1991) (United States intervened and successfully sought dismissal of the action based on the assertion of the state secrets privilege)*; Fitzgerald v. Penthouse Int'l, Ltd.*, 77 F.2d 1236, 1239 (4th Cir. 1985) (court allowed intervention where United States has a national interest in proceedings); *see also Kasza v. Browner*, 133 F.3d 1159, 1166 (9th Cir. 1998) ("'if the very subject matter of the action' is a state secret, then the court should dismiss the plaintiff's action based solely on the invocation of the state secrets privilege") (quoting *Reynolds*, 345 U.S. at 11 n. 26).

Finally, the United States' interest is not adequately represented by the parties to the litigation. In determining whether a potential intervenor's interests will be adequately represented by an existing party, courts consider: "(1) whether the interest of a present party is such that it will undoubtedly make all the intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether the would-be intervenor would offer any necessary elements to the proceedings that other parties would neglect." *Southwest Ctr. for Biological Diversity*, 268 F.3d at 822. The intervenor's burden of showing that the existing parties may not adequately represent its interest is "minimal," and the potential

---

[3] The state secrets privilege permits the Government to protect against the unauthorized disclosure in litigation of information that may harm national security interests. *See United States v. Reynolds*, 345 U.S. 1, 7-8 (1953). Specific statutory privileges also permit the Government to protect against disclosure of intelligence-related activities.

intervenor "need only show that representation of its interests by existing parties 'may be' inadequate." *Id*. at 822-23 (citing *Trbobich v. United Mine Workers*, 404 U.S. 528, 538 n. 10 (1972)). The court's focus should be on the "subject of the action." *Southwest Center for Biological Diversity*, 268 F.3d at 823 (citation omitted).

None of the parties has either the obligation or the ability to assert the state secrets privilege or specified statutory privileges in this litigation. The privilege belongs to the Government alone and cannot be asserted by private citizens. *See Reynolds*, 345 U.S. at 7-8 (state secrets privilege must be asserted by head of department which has control over issue). Indeed, the parties are not aware of the breadth of the information covered by the privilege, and because information covered by the privilege is classified, they would, in any event, be unable to present the issues to the Court effectively and properly. Moreover, the parties' interest may well be in the *disclosure* of state secrets to the extent that doing so might assist them in presenting their claims or defenses fully to vindicate their own private interests. Thus, only the United States is in a position to protect against the disclosure of information over which it has asserted the state secrets privilege, and the United States is the only entity properly positioned to explain to the Court why continued litigation of the matter threatens the national security. Accordingly, the United States should be permitted to intervene for the purpose of moving to dismiss this action on state secrets grounds.

Having satisfied the requirements of Rule 24(a), the United States should be allowed to intervene as of right.[4]

---

[4] In the alternative, Rule 24(b) allows for permissive intervention where the motion is timely, the party has an interest in the litigation, and there is no undue delay or prejudice to the parties in allowing the intervention. *See* Fed. R. Civ. P. 24(b). As the discussion above demonstrates, the Government has met these standards for permissive intervention.

MOTION TO INTERVENE BY THE UNITED STATES OF AMERICA
Case No. C 06-0672-VRW         -7-

**CONCLUSION**

Accordingly, the United States respectfully requests that the Court grant its motion to intervene pursuant to Fed. R. Civ. P. 24(a).

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General, Civil Division

CARL J. NICHOLS
Deputy Assistant Attorney General

DOUGLAS N. LETTER
Terrorism Litigation Counsel

JOSEPH H. HUNT
Director, Federal Programs Branch

 *s/Anthony J. Coppolino*
ANTHONY J. COPPOLINO
Special Litigation Counsel
tony.coppolino@usdoj.gov

 *s/Andrew H. Tannenbaum*
ANDREW H. TANNENBAUM
Trial Attorney
andrew.tannenbaum@usdoj.gov
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, NW
Washington, D.C. 20001
Phone: (202) 514-4782/(202) 514-4263
Fax: (202) 616-8460/(202) 616-8202/(202) 318-2461

Attorneys for Intervenor Defendant United States

DATED: May 12, 2006

# **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing **NOTICE OF MOTION AND MOTION TO INTERVENE BY THE UNITED STATES OF AMERICA** will be served by means of the Court's CM/ECF system, which will send notifications of such filing to the following:

Electronic Frontier Foundation
Cindy Cohn
Lee Tien
Kurt Opsahl
Kevin S. Bankston
Corynne McSherry
James S. Tyre
545 Shotwell Street
San Francisco, CA 94110

Lerach Coughlin Stoia Geller Rudman & Robbins LLP
Reed R. Kathrein
Jeff D. Friedman
Shana E. Scarlett
100 Pine Street, Suite 2600
San Francisco, CA 94111

Traber & Voorhees
Bert Voorhees
Theresa M. Traber
128 North Fair Oaks Avenue, Suite 204
Pasadena, CA 91103

Pillsbury Winthrop Shaw Pittman LLP
Bruce A. Ericson
David L. Anderson
Patrick S. Thompson
Jacob R. Sorensen
Brian J. Wong
50 Freemont Street
PO Box 7880
San Francisco, CA 94120-7880

Sidney Austin LLP
David W. Carpenter
Bradford Berenson
Edward R. McNicholas
David L. Lawson
1501 K Street, NW
Washington, DC 20005

                                              *s/ Anthony J. Coppolino*

CERTIFICATE OF SERVICE, Case No. C 06-0672-VRW