QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  Timothy L. Alger (Bar No. 160303)
  timalger@quinnemanuel.com
  Leah J. Russin (Bar No. 225336)
  leahrussin@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Lycos, Inc. and Wired News

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TASH HEPTING, GREGORY HICKS, CAROLYN JEWEL and ERIC KNUTZEN on Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>AT&T CORP., et al.,<br><br>Defendants. | CASE NO. CV-06-0672-VRW<br><br>ADMINISTRATIVE MOTION FOR AN ORDER SHORTENING TIME FOR HEARING ON MOTION OF LYCOS, INC. AND WIRED NEWS FOR ORDERS (1) PERMITTING INTERVENTION, AND (2) UNSEALING DOCUMENTS;<br><br>DECLARATION OF TIMOTHY L. ALGER<br><br>Complaint Filed: January 31, 2006 |

Proposed intervenors Lycos, Inc., the owner and operator of Wired News, and Wired News, hereby move this Court, pursuant to Civil L.R. 7-11, for an order shortening the time for hearing on their Motion For Orders (1) Permitting Intervention, And (2) Unsealing Documents.  Lycos and Wired News request that

the Court hear the motion on the earliest date convenient to the Court, but in any event no later than June 23, 2006, the next scheduled hearing date in this litigation.

Lycos and Wired News seek intervention for the limited purpose of obtaining an order unsealing the Declaration of Mark Klein and Exhibits A-C, and the Declaration of J. Scott Marcus. In its Order of May 17, 2006, the Court stated that it will entertain motions to intervene only on written application, and with notice, but the Court would consider applications to shorten time.

The presumption of access to civil court proceedings, which rests on the First Amendment and common law, requires "immediate and contemporaneous" access. Grove Fresh Distrib., Inc. v. Everfresh Juice Co., 24 F.3d 893, 897 (7th Cir. 1994). "To delay or postpone disclosure undermines the benefit of public scrutiny and may have the same result as complete suppression." Id.

If the motion to intervene and unseal is heard on a regular noticed schedule, it will be ruled upon after the Court hears the motions to dismiss by Defendants AT&T Corp. and AT&T, Inc. and by the United States Government, a proposed intervenor, on June 23, 2006. In opposition to the AT&T and government motions, plaintiffs intend to argue that they can fully litigate and prevail in this case based, at least in part, on the Klein Declaration, its exhibits, and the Marcus Declaration, which evidently do not implicate state secrets. (See Docket No. 134, at 5-7.) The law requires that the public be permitted access to adjudicatory evidence. San Jose Mercury News v. U.S. District Court, 187 F.3d 1096, 1100-02 (9th Cir. 1999). Already, as shown by plaintiffs' memorandum filed on May 22, 2006, AT&T's attempt to restrict public knowledge of its activities has forced the litigants to redact discussion of critical facts – even where the government has not asserted a claim of privilege.

Counsel for plaintiffs does not object to this request to shorten time. Counsel for defendants declined to state defendants' views, but indicated the defendants were likely to oppose the request.

The motion to intervene and unseal should be considered at the earliest convenient date, and *prior* to the hearing on June 23, 2006, so that the public is aware of the facts presented to the Court relating to the motions of the AT&T entities and the government. Certainly, there should be no seal on documents actually considered by the Court. Accordingly, Lycos and Wired News request that the Court shorten time and hear their motion no later than June 23, 2006.

DATED: May 23, 2006  Respectfully submitted,

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By /s/ *Timothy L. Alger*
   Timothy L. Alger
   Attorneys for Lycos, Inc. & Wired News

# DECLARATION OF TIMOTHY L. ALGER

I, Timothy L. Alger, declare as follows:

1. I am a member of the bar of the State of California and a member of Quinn Emanuel Urquhart Oliver & Hedges, LLP, attorneys for Lycos, Inc. and Wired News. I make this declaration of personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify competently thereto.

2. On May 23, 2006, Lycos and Wired News moved to intervene in this action for the limited purpose of requesting the unsealing of documents, and moved to unseal the Declaration of Mark Klein and Exhibits A-C, and the Declaration of J. Scott Marcus. The regularly noticed hearing date is June 29, 2006, six days after the hearing on the motions by the AT&T entities and the government to dismiss the action.

3. I contacted counsel for the parties to determine whether they opposed this administrative motion to shorten time, so the motion to intervene and unseal could be considered prior to, or contemporaneously with, the pending dispositive motions. Counsel for plaintiffs, Lee Tien, stated that plaintiffs did not object. Counsel for defendants, Jacob Sorenson, declined to state defendants' position, and said he would get back to me, but said he anticipated that defendants would oppose the administrative motion. I had not heard back from Mr. Sorenson as of the time of filing of this motion.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 23, 2006, at Los Angeles, California.

                 /s/ *Timothy L. Alger*
                 Timothy L. Alger