PILLSBURY WINTHROP SHAW PITTMAN LLP
BRUCE A. ERICSON #76342
DAVID L. ANDERSON #149604
JACOB R. SORENSEN #209134
MARC H. AXELBAUM #209855
BRIAN J. WONG #226940
50 Fremont Street
Post Office Box 7880
San Francisco, CA 94120-7880
Telephone: (415) 983-1000
Facsimile: (415) 983-1200
Email: bruce.ericson@pillsburylaw.com

SIDLEY AUSTIN LLP
DAVID W. CARPENTER (admitted *pro hac vice*)
DAVID L. LAWSON (admitted *pro hac vice*)
BRADFORD A. BERENSON (admitted *pro hac vice*)
EDWARD R. McNICHOLAS (admitted *pro hac vice*)
1501 K Street, N.W.
Washington, D.C. 20005
Telephone: (202) 736-8010
Facsimile: (202) 736-8711

Attorneys for Defendants
AT&T CORP. and AT&T INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TASH HEPTING, GREGORY HICKS, CAROLYN JEWEL and ERIK KNUTZEN on Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>AT&T CORP., AT&T INC. and DOES 1-20, inclusive,<br><br>Defendants. | No. C-06-0672-VRW<br><br>**AT&T'S OPPOSITION TO MOTION FOR ORDER SHORTENING TIME FOR HEARING ON MOTION OF LYCOS, INC. AND WIRED NEWS FOR ORDERS PERMITTING INTERVENTION AND UNSEALING DOCUMENTS**<br><br>**[CIVIL L.R. 6-3(c), DKT. 140]** |

## I. INTRODUCTION.

Defendant **AT&T CORP.** ("AT&T") and specially appearing defendant **AT&T INC.** (collectively, "Defendants") hereby oppose the motion of Lycos, Inc. and Wired News (collectively, "Wired") for an order shortening time for hearing ("OST Motion," Dkt. 140) Wired's motion for orders permitting intervention and unsealing documents ("Motion to Unseal," Dkt. 139). There is no reason to hear the Motion to Unseal at all: the Court has already decided the sealing issue. There is certainly no reason to grant Wired's request to hear this motion earlier than contemplated by the Local Rules. Wired seeks to have the Motion to Unseal heard on June 23, 2006, six days earlier than permitted by Civil Local Rule 7-2(a). The Court should deny the OST Motion. If, however, the Court wishes to consider the sealing issue again and wishes to hear it on June 23, the Court should take the six days away from Wired and give it to AT&T, so that AT&T receives the full time to which it is entitled under Civil Local Rule 7-3(a). To be sure, that will leave Wired with three days to prepare its reply, but that is only fair: Wired's delay is not AT&T's fault.

Wired is a day late and a dollar short. It has been on this case, leaking AT&T proprietary documents to the world, since early April. The sealing issue it belatedly seeks to raise has dominated this litigation for almost two months and has been thoroughly briefed—both by the parties and by others in the press. And the Court has already decided the issue. Nonetheless, Wired waited almost a week after the Court ruled, and four days after other members of the press filed their motions to unseal, before filing its Motion to Unseal. Now Wired seeks to rush both the parties and the Court by having its Motion briefed and heard on a schedule that would deprive AT&T of time to oppose the motion.

Wired also has not complied with Civil Local Rule 6-3, which requires that a movant provide in a sworn declaration both the reasons for hearing its motion on shortened time, and the substantial harm or prejudice that will result from hearing the motion on the normal 35-day calendar. Wired has provided neither. Because Wired has not explained why the expedited relief it seeks is merited, its OST Motion should be denied.

## II. BACKGROUND AND PROCEEDINGS TO DATE.

Plaintiffs filed this action on January 31, 2006. Dkt. 1. On April 5, 2006, plaintiffs filed under seal their amended motion for preliminary injunction. Dkt. 30 ("Preliminary Injunction Motion"). With it, plaintiffs filed, also under seal, the declaration of Mark Klein ("Klein Declaration," Dkt. 31) and the declaration of plaintiffs' purported expert, J. Scott Marcus ("Marcus Declaration," Dkt. 32). Attached to the Klein Declaration were certain AT&T documents that contain proprietary and trade secret information (the "Klein Documents"). (Dkts. 30-32 and the Klein Documents are collectively referred to as the "Sealed Documents.") On April 7, Wired published a statement by Klein purportedly disclosing a number of matters set forth in the Sealed Documents. *See* Ericson Declaration (Dkt. 43) ¶ 25 & Ex. J.

Over the next several weeks, the parties and *amici* filed no fewer than eight briefs debating whether the Sealed Documents should remain under seal.[1]

On May 17, 2006, the Court held a lengthy hearing on the Sealed Documents. Immediately before the hearing, the *San Francisco Chronicle*, *Los Angeles Times*, the Associated Press, *San Jose Mercury News*, Bloomberg News and *USA Today* (collectively, the "Press") filed a motion more expansive than Wired's motion seeking to have all sealed records unsealed. Dkt. 129. Counsel for the Press appeared at the May 17 hearing and attempted to argue the sealing issues. Transcript of May 17, 2006 Hearing ("Tr.," Dkt. 138), at 3. Counsel for Wired also appeared at the hearing. *Id.*

At the hearing, and following extensive argument by all parties, the Court noted that "the best course of action is to preserve the status quo" and ordered that "plaintiffs, plaintiffs' counsel and their consultants not further disclose [the Klein] documents to

---

[1] On April 10, AT&T filed its motion to compel return of confidential documents. Dkt. 41. Plaintiffs filed their opposition on May 1. Dkt. 99. AT&T filed its reply on May 5. Dkt. 117. On April 12, AT&T filed its memorandum in support of filing documents under seal. Dkt. 51. Plaintiffs filed their opposition on April 17. Dkt. 61. AT&T filed its reply on April 21. Dkt. 71. In addition, the Center for Constitutional Rights and the American Civil Liberties Union filed a brief as *amici curiae* on April 24, 2006. Dkt. 77. AT&T filed its response to *amici* on April 28, 2006. Dkt. 84. The matters were argued May 17.

anyone or any entity without further order of the Court." Tr. 27-28. Following the hearing the Court ordered that "[a]ll papers heretofore filed or lodged under seal shall remain under seal pending further order of court. Counsel for plaintiffs and AT&T are directed to confer and to submit by May 25, 2006, jointly agreed-upon redacted versions of the preliminary injunction motion (Doc #30) and the Klein declaration (Doc #31)." Civil Minute Order dated May 17, 2006 (Dkt. 130). The Court declined to hear the Press or Wired at that time, ruling that "[t]he court will entertain motions to intervene only on written application therefor with appropriate notice and service on all parties; *if necessary*, the court will consider applications to shorten time for any such motions to intervene." Dkt. 130, at 2 (emphasis added).

Two days later, on May 19, 2006, the Press filed a new motion seeking to (i) unseal all documents filed under seal in this case, and (ii) disclose the redacted contents of the government's filings, as well. Press Motion to Unseal, Dkt. 133. The Press timely filed its motion to be heard on June 23, the same day the Court set for hearing Defendants' and the government's motions to dismiss. Wired, on the other hand, filed its Motion to Unseal on May 23, almost a week after the Court decided the issues posed by Wired's motion, and four days after the Press filed their motion.

Meanwhile, pursuant to the Court's Minute Order, Plaintiffs and AT&T met and conferred, reaching agreement on redacting the text of the Klein Declaration and the preliminary injunction memorandum. Accordingly, on May 25, plaintiffs filed lightly redacted versions of each (Dkt. 146-47), mooting in large part the relief Wired seeks.

**III.    ARGUMENT.**

Wired says it filed its OST Motion pursuant to Civil Local Rule 7-11. OST Motion at 1. The relief it seeks – an order shortening time – is, however, governed by Civil Local Rule 6-3 ("Motion to Change Time"). Civil Local Rule 6-3(a) requires the moving party to "submit a declaration that," among other things:

>    (1)    Sets forth with particularity, the reasons for the requested . . . shortening of time; [and] . . . .

      (3)    Identifies the substantial harm or prejudice that would occur if the Court did not change the time . . . ."

Wired's declaration fails to do either. *See* Alger Declaration, Dkt. 140.

**A.    Wired Has Not Explained With Particularity Why It Needs to Shorten Time.**

      The parties, *amici* and the Press have already briefed *ad nauseam* the issues raised in the Motion to Unseal. The Court has heard extensive argument and given the issues careful consideration, and has appropriately ruled that sealing is needed to preserve AT&T's trade secrets and the security of its network. As the chief leaker of AT&T's trade secrets, Wired has obviously been keeping abreast of the litigation. Yet, it offers no good reason (as required by Local Rule 6-3(a)(1)) for why it is so late or why, if it is to be heard, its delay should come out of AT&T's opposition time rather than Wired's reply time.

      The most Wired says (and this not in a declaration, but in its merits brief) is that the Motion to Unseal should be heard "*prior* to the hearing on June 23, 2006, so that the public is aware of the facts presented to the Court relating to the motions of the AT&T entities and the government." OST Motion at 3 (emphasis in original). That begs several questions. First, why is the public entitled to hear evidence *before* the Court hears the merits motions? Second, if this new and hitherto unknown "right" to preview evidence is so important, why did Wired wait so long to raise it?

      Wired cites no authority dictating that its motion be heard on shortened time. All it offers is the Seventh Circuit's observation in *Grove Fresh Distribution, Inc. v. Everfresh Juice Co.*, 24 F.3d 893 (7th Cir. 1994), that "[t]o delay or postpone disclosure undermines the benefit of public scrutiny and may have the same result as complete suppression." OST Motion at 2 (citing *Grove Fresh*, 24 F.3d at 897). That has no relevance here. There has been no delay: the Court has already decided the issues raised in the Motion to Unseal.

**B.    Wired Has Not Identified Any Substantial Harm or Prejudice.**

      Wired also has not identified the "substantial harm or prejudice that would occur if the Court did not change the time" for hearing the Motion to Unseal. L.R. 6-3(a)(3). Again, the Alger Declaration is silent on this point, as is Wired's brief. Hearing the Motion

to Unseal on the normal 35-day calendar will not prejudice Wired (or the public it purports to represent). These issues have been pending for months. The Court has already ruled on these issues. Because Wired has not articulated and cannot articulate any substantial harm or prejudice that will befall anyone if the Court hears the Motion to Unseal pursuant to the normal schedule of Civ. L.R. 7-2(a), the OST Motion fails to satisfy Civ. L.R. 6-3(a)(3).

**IV. CONCLUSION.**

The Court should deny Wired's motion for an order shortening time, Dkt. 140. Alternatively, if the Court wishes to hear the Motion to Unseal on June 23, it should let AT&T oppose that motion on June 6 and require Wired to file its reply by June 9. Wired's delay should prejudice Wired, not AT&T.

Dated: May 26, 2006.

SIDLEY AUSTIN LLP
DAVID W. CARPENTER
BRADFORD A. BERENSON
DAVID L. LAWSON
EDWARD R. McNICHOLAS
1501 K Street, N.W.
Washington, D.C. 20005

PILLSBURY WINTHROP SHAW PITTMAN LLP
BRUCE A. ERICSON
DAVID L. ANDERSON
JACOB R. SORENSEN
MARC H. AXELBAUM
BRIAN J. WONG
50 Fremont Street
Post Office Box 7880
San Francisco, CA 94120-7880

By     /s/ Bruce A. Ericson
        Bruce A. Ericson

Attorneys for Defendants
AT&T CORP. and AT&T INC.