1    Karl Olson (SBN 104760)
Erica L. Craven (SBN 199918)
2    LEVY, RAM & OLSON LLP
639 Front Street, 4th Floor
3    San Francisco, CA 94111
Telephone: 415-433-4949
4    Facsimile: 415-433-7311

5    Attorneys for Intervenors *San Francisco Chronicle*,
*Los Angeles Times*, Associated Press,
6    *San Jose Mercury News*, Bloomberg News,
and *USA Today*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TASH HEPTING, GREGORY HICKS, CAROLYN JEWEL and ERIK KNUTZEN, on Behalf of Themselves and All Others Similarly Situated,<br><br>                Plaintiffs,<br><br>v.<br><br>AT&T CORP., et al.<br><br>                Defendants. | CASE NO. CV-06-0672-VRW<br><br>**REPLY DECLARATION OF KARL OLSON IN SUPPORT OF PRESS' MOTION TO INTERVENE AND UNSEAL RECORDS**<br><br>Date: June 23, 2006<br>Time: 9:30 a.m.<br>Place: Courtroom 6, 17th Floor<br>[The Hon. Vaughn R. Walker]<br><br>**Complaint Filed:** January 31, 2006 |

    1.     I, Karl Olson, am a member in good standing of the State Bar of California and a partner at Levy, Ram & Olson, counsel for press intervenors. I make this declaration of personal knowledge and if called as a witness I could and would testify competently to the facts stated herein.

    2.     AT&T's Opposition, at page 7, suggests that, "The press offers no explanation for its dilatory conduct" in moving to intervene. I was first engaged by the press intervenors in this matter on the afternoon of May 16, 2006; we E-filed a brief on access and sealing issues the next

Case No. CV-06-0672-VRW – REPLY DECLARATION OF KARL OLSON
IN SUPPORT OF PRESS' MOTION TO INTERVENE AND UNSEAL RECORDS         Page 1

morning at approximately 9 a.m., an hour before the May 17, 2006 hearing. We therefore respectfully suggest that the press intervenors have not engaged in "dilatory conduct" in attempting to vindicate their rights of access to these proceedings. In addition, while AT&T suggests that the press sat on its hands from March 31 to May 17 (Opposition at 8), the fact of the matter is that there had been no court hearings prior to May 17 and that, as in many of the cases cited in our Reply Brief, the press on many occasions has successfully intervened after proceedings have concluded.

    3.    Attached as Exhibit A hereto is a copy of an article printed out from the Wired News web site, "Whistle-Blower's Evidence, Uncut," which was apparently posted by Wired early in the morning on May 22, 2006. It presents Mark Klein's statement "in its entirety, with online links to all of the document excerpts where he cited them." Among other things, this article contains reference to a "secret room", Room 641A at 611 Folsom Street in San Francisco; a special cabinet was installed and cabled to the "secret room" on the 6th floor at 611 Folsom to monitor information going through circuits. The discussion of the "Secret Room" in the Wired article appears to mirror information which remains redacted in the public redacted version of Mr. Klein's Declaration, Document 147. (See, e.g., paragraph 8, where Mr. Klein says he worked in an AT&T office on a redacted street in a redacted city, and paragraphs 10 and 11, where the name of the Facility is redacted, and paragraph 12, where the name of the room and the room number is redacted. Similarly, the Wired article gives the "location code" of the "special cabinet," but in paragraph 27 of the public redacted version of the Klein Declaration the "location code" is still redacted. It is difficult to see how any of what Mr. Klein describes could ever have been a trade secret but in any event the basic details of all of what he describes have now been made public.

    4.    On June 9, 2006, I called Michael Markman, one of plaintiffs' attorneys, regarding the administrative motion to seal plaintiffs' Opposition to the Motion to Dismiss he had filed the day before. (Docket No. 183.) Mr. Markman indicated, as he had said in his declaration (Docket No. 184, ¶3), that he was seeking to file the Opposition under seal only

1 because AT&T was contending that some of the information discussed in the Opposition was a
2 trade secret. I told him that under Local Rule 79-5 it was our belief that at the very least a public
3 redacted version of the Opposition should be filed and he responded that AT&T opposed filing
4 anything openly. I asked him to meet and confer with AT&T's counsel as soon as possible to
5 agree upon the filing of a public redacted version of the Opposition prior to the hearing on June
6 23 at which our motion to unseal would be considered. After my conversation with him, I called
7 AT&T's counsel Jacob Sorensen; his secretary said he was unavailable. I left Mr. Sorensen a
8 voice mail message stating that I believed that, at the very least, AT&T should agree to the filing
9 of a public redacted version of the Opposition prior to the June 23 hearing and that I thought the
10 parties should meet and confer to reach agreement on such a public version as soon as possible.

Mr. Sorensen later called me and told me that AT&T did <u>not</u> insist upon filing the entire Opposition under seal and that AT&T's counsel would attempt to propose the filing of a public redacted version of the Opposition prior to the June 23 hearing on the Motion to Dismiss.

I declare under penalty of perjury that the foregoing is true and correct.

Executed in San Francisco, California on June 9, 2006.

       */s/ Karl Olson*
       Karl Olson