Karl Olson (SBN 104760)
Erica L. Craven (SBN 199918)
LEVY, RAM & OLSON LLP
639 Front Street, 4th Floor
San Francisco, CA 94111
Telephone: 415-433-4949
Facsimile: 415-433-7311

Attorneys for Intervenors <u>San Francisco Chronicle</u>,
<u>Los Angeles Times</u>, Associated Press,
<u>San Jose Mercury News</u>, Bloomberg News,
and <u>USA Today</u>

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TASH HEPTING, GREGORY HICKS, CAROLYN JEWEL and ERIK KNUTZEN, on Behalf of Themselves and All Others Similarly Situated,<br><br>　　　　　　　Plaintiffs,<br><br>v.<br><br>AT&T CORP., et al.<br><br>　　　　　　　Defendants. | CASE NO. CV-06-0672-VRW<br><br>**PRESS INTERVENORS' OPPOSITION TO ADMINISTRATIVE MOTION TO FILE OPPOSITION UNDER SEAL (Rule 7-11(b))**<br><br>**Complaint Filed:** January 31, 2006 |

Press intervenors[1] oppose the administrative motion filed by plaintiffs (Docket No. 183) to file their opposition to the Motion to Dismiss (Docket No. 181) under seal.

---

[1] This brief is filed on behalf of the <u>San Francisco Chronicle</u>, <u>Los Angeles Times</u>, Associated Press, <u>San Jose Mercury News</u>, Bloomberg News and <u>USA Today</u> ("press intervenors"). The press intervenors filed Motions for Leave to Intervene and to Unseal Documents on May 19, 2006 (docket number 133).

Case No. CV-06-0672-VRW – PRESS INTERVENORS' OPPOSITION TO
ADMINISTRATIVE MOTION TO FILE OPPOSITION UNDER SEAL                                           Page 1

Local Rule 79-5(a) states that a sealing order may issue only pursuant to court order. "A sealing order may issue only upon a request that establishes that the document, or portions thereof, is privileged or protectable as a trade secret or otherwise entitled to protection under the law." A stipulation allowing parties to designate material as sealable does not suffice to allow documents to be filed under seal. (Local Rule 79-5(a).) If a party refers in a memorandum to material which another party asserts is confidential – which is apparently the situation here (Markman Declaration, Document Number 184, paragraph 3) – the party must submit a public redacted version of the document, and within five days thereafter the party asserting confidentiality must file a declaration establishing its entitlement to sealing and must "lodge and serve a narrowly tailored proposed sealing order, or must withdraw the designation of confidentiality." (Local Rule 79-5(d).)[2]

At this point, plaintiffs have sought leave to file the entirety of a 60-page Opposition under seal, with plaintiffs saying that AT&T has insisted that the entire document must be sealed because it refers to the declaration of Mark Klein and Jay Scott Marcus. (AT&T's counsel has denied that AT&T insisted the entire document be sealed. See Karl Olson Reply Decl. ¶ 4, Docket No. 187.) The situation flouts the rules of this Court and also flouts this Court's May 17 Order at which it directed the parties to agree upon a public redacted version of the preliminary injunction motion. The Court's Order resulted in a public redacted version of the preliminary injunction motion with about a page's worth of redactions, but now – apparently because of AT&T's insistence that the Klein material should be sealed even though almost all of it has been published on the World Wide Web (see Karl Olson Reply Declaration filed with Reply Brief in Support of Motion to Unseal, Docket No. 187) – an entire 60-page document has been filed under seal in apparent violation of the Local Rules.

---

[2] Local Rule 79-5 refers to documents which have been designated confidential by a party pursuant to a protective order. The Klein and Marcus declarations have not been designated confidential by a protective order, so the argument for sealing the opposition is even weaker.

Case No. CV-06-0672-VRW – PRESS INTERVENORS' OPPOSITION TO
ADMINISTRATIVE MOTION TO FILE OPPOSITION UNDER SEAL                    Page 2

1    Press intervenors have filed a Motion to Intervene and Motion to Unseal Documents in
2 this case which is set for hearing on June 23.  The motion to unseal was originally directed at the
3 papers filed in connection with plaintiffs' preliminary injunction motion (Docket Numbers 30,
4 31 and 32) but now is directed also at plaintiffs' Opposition to the Motion to Dismiss.

   This Court on May 17 directed the parties to meet and confer and to agree upon a public redacted version of the preliminary injunction papers prior to the hearing on the Motion to Unseal.  Public redacted versions of two of those documents have now been filed (Docket Nos. 147 and 149) pending the hearing on the motion to unseal the entire documents scheduled for June 23.

   Press intervenors respectfully request that either the plaintiffs' administrative motion to seal filed on June 8 should be denied, or that the parties be ordered to meet and confer so that a public redacted version of the Opposition is filed no later than June 16.  There is absolutely no reason why entire documents should be sealed solely because one party contends that a small part of the document might contain trade secrets.  Wholesale sealing is contrary to both the "strong presumption in favor of access to court records" (<u>Foltz v. State Farm Mut. Auto. Ins. Co.</u>, 331 F.3d 1122, 1135 (9th Cir. 2003)) and the mandate of Local Rule 79-5(a) that <u>any</u> proposed sealing must be "narrowly tailored."

Dated: June 13, 2006                                LEVY, RAM & OLSON LLP


                                        By:      */s/ Karl Olson*
                                                 Karl Olson
                                                 Attorneys for <u>San Francisco Chronicle</u>, <u>Los Angeles Times</u>, The Associated Press, <u>San Jose Mercury News</u>, Bloomberg News and <u>USA Today</u>