PILLSBURY WINTHROP SHAW PITTMAN LLP
BRUCE A. ERICSON  #76342
DAVID L. ANDERSON  #149604
JACOB R. SORENSEN  #209134
MARC H. AXELBAUM  #209855
DANIEL J. RICHERT #232208
50 Fremont Street
Post Office Box 7880
San Francisco, CA  94120-7880
Telephone:  (415) 983-1000
Facsimile:  (415) 983-1200

SIDLEY AUSTIN LLP
DAVID W. CARPENTER (admitted *pro hac vice*)
BRADFORD A. BERENSON (admitted *pro hac vice*)
DAVID L. LAWSON (admitted *pro hac vice*)
EDWARD R. McNICHOLAS (admitted *pro hac vice*)
1501 K Street, N.W.
Washington, D.C.  20005
Telephone:  (202) 736-8010
Facsimile:  (202) 736-8711

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TASH HEPTING, et al.,<br><br>　　　　　Plaintiffs,<br><br>　vs.<br><br>AT&T CORP., et al.,<br><br>　　　　　Defendants. | No. C-06-0672-VRW<br><br>**ADMINISTRATIVE MOTION OF DEFENDANT AT&T CORP. TO CONSIDER WHETHER CASES SHOULD BE RELATED**<br><br>[N.D. Cal. Civ. L.R. 3-12, 7-11] |
| TOM CAMPBELL, et al.,<br><br>　　　　　Plaintiffs,<br><br>　vs.<br><br>AT&T COMMUNICATIONS OF CALIFORNIA, et al,<br><br>　　　　　Defendants. | No. C-06-3596-VRW |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

Pursuant to N. D. Cal. Civil Local Rules 3-12 and 7-11, Defendant **AT&T CORP.** ("AT&T") hereby files this Administrative Motion to Consider Whether Cases Should Be Related to consider whether the subsequently filed case of *Campbell, et al. v. AT&T Communications of California, et al.,* No. C-06-3596-VRW, removed on June 6, 2006 (the "*Campbell* case") should be related to this case (the "*Hepting* case").

## I.      ACTION REQUESTED.

An order pursuant to Civil Local Rule 3-12 relating *Campbell* to *Hepting*.

## II.     REASONS SUPPORTING THE REQUEST.

Civil Local Rule 3-12 provides the applicable standard: "An action is related to another when: (1) The actions concern substantially the same parties, property, transaction or event; and (2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." Both criteria are met here.

*Campbell* is related to *Hepting* because they involve substantially the same parties, transactions and events. *See* Civ. L.R. 3-12(a)(1). If the cases are conducted before different judges, there will likely be a burdensome duplication of labor and expense, as well as the potential for conflicting results. *See* Civ. L.R. 3-12(a)(2).

**A.      *Campbell* and *Hepting* involve substantially the same parties and events.**

**1.      Titles and case numbers.**

- TASH HEPTING, GREGORY HICKS, CAROLYN JEWEL and ERIK KNUTZEN on Behalf of Themselves and All Others Similarly Situated, Plaintiffs, vs. AT&T CORP., AT&T INC. and DOES 1-20, inclusive, Defendants, No. C-06-0672-VRW.

- TOM CAMPBELL; GEORGE MAIN; DENNIS P. RIORDAN; MARGARET RUSSELL; ROBERT SCHEER; PETER SUSSMAN; RICHARD BELZER; MARC COOPER; STEPHEN J. MATHER; SANDRA RICHARDS; CURREN WARF; AMERICAN CIVIL LIBERTIES UNION OF NORTHERN CALIFORNIA, a nonprofit corporation; ACLU OF SOUTHERN CALIFORNIA, a nonprofit corporation; AMERICAN CIVIL LIBERTIES UNION OF SAN DIEGO/IMPERIAL COUNTIES, a nonprofit corporation, Plaintiffs, vs. AT&T COMMUNICATIONS OF CALIFORNIA, a corporation; AT&T CORP., a corporation; AT&T, INC., a corporation; and DOES 1 through 20, Defendants, No. C-06-3596-VRW.

**2.    *Campbell* and *Hepting* involve the same parties.**

*Plaintiffs:*  The named plaintiffs in the *Campbell* case purport to be subscribers of services provided under the AT&T brand.  *See Campbell* Dkt. 1, Ex. A (Complaint) ¶¶ 5-16.  The named plaintiffs in the *Hepting* case also purport to be subscribers of services provided under the AT&T brand.  *See Hepting* Dkt. 8 (First Amended Complaint) ¶¶ 13-16.  The *Hepting* case is brought on behalf of a purported national class (and a California subclass) of subscribers of AT&T services.  *Hepting* Dkt. 8 at ¶¶ 65, 67.  While *Campbell* is not brought as a purported class action, it seeks relief on behalf of all AT&T customers.  *See Campbell* Dkt. 1, Ex. A at 11:14 ("Enjoining AT&T from providing any customer calling records . . . .").

*Defendants:*  Both *Hepting* and *Campbell* name AT&T Corp. and AT&T Inc. as defendants.  While *Campbell* names one additional defendant (AT&T Communications of California), that entity is an affiliate of AT&T Corp. and a subsidiary of AT&T Inc.

In short, these cases involve substantially the same parties.  *See* L.R. 3-12(a)(1).  In addition, counsel for plaintiffs in *Campbell* has appeared as an amicus supporting plaintiffs in *Hepting*.  *Hepting* Dkt. 76-78.

**3.    *Campbell* and *Hepting* involve the same transactions and events.**

Both cases involve allegations of wrongdoing based on the alleged complicity of defendants in surveillance allegedly conducted by the National Security Agency ("NSA").  *See Hepting* Dkt. 8 ¶¶ 2-8, *Campbell* Dkt. 1, Ex. A ¶¶ 1-4.  Both cases implicate federal questions including, *inter alia*, federal statutory and common law immunities and the constitutionally based military and state secrets privilege.  *See Campbell* Dkt. 1 (Notice of Removal).  Both cases seek a declaratory judgment that defendants have violated plaintiffs' rights, and an injunction barring defendants from assisting the alleged NSA surveillance program.  *See Hepting* Dkt. 8 at 28-29, *Campbell* Dkt. 1, Ex. A at 11.

In short, both cases involve substantially the same alleged transactions and events.  *See* L.R. 3-12(a)(2).  Both cases also seek substantially the same equitable relief (*Hepting* also seeks damages).

**B.   Relating *Campbell* to *Hepting* will conserve judicial resources and avoid inconsistent results; relating *Campbell* to another case involving different defendants and a different judge makes no sense.**

Chief Judge Walker is already overseeing three actions in the District involving similar allegations: *Hepting*, *Campbell* and *Roe, et al. v. AT&T Corp., et al.*, No. C-06-3467-VRW ("*Roe*"). The Court has already determined that *Roe* meets the criteria of Civ. L.R. 3-12(a), having related *Roe* to *Hepting* on June 9, 2006. *See Hepting* Dkt. 189.

The Court has presided over *Hepting* since it was filed on January 31, 2006 (*see* Dkt. 1). *Hepting* has been actively litigated: the parties, *amici* and proposed intervenors have made over 200 filings in the Court's docket. In less than two weeks, the Court will hear the motions to dismiss of defendants AT&T Corp. and AT&T Inc. (Dkts. 79, 86) and of the United States of America (Dkt. 124). Given his extensive familiarity with the facts and complex legal issues presented in *Hepting*, Chief Judge Walker is best situated to preside over *Campbell* as well to avoid the "unduly burdensome duplication of labor and expense" and the prospect of "conflicting results." L.R. 3-12(a)(2).

On June 12, 2006, plaintiffs in the *Campbell* case and another case—*DeBonis, et al. v. Verizon Communications, Inc.*, No. C-06-3574-EDL, removed on June 5, 2006 (the "*DeBonis*" case)—filed an Administrative Motion to Consider Whether *Campbell* should be related to *DeBonis* (*DeBonis* Dkt. 3). *DeBonis* does not name as defendant any AT&T entity; instead, it is brought against Verizon, a competitor of AT&T.

Under the approach of the *Campbell* and *DeBonis* plaintiffs, their cases would proceed before Magistrate Judge Laporte, while *Hepting* and *Roe* would proceed before Chief Judge Walker. Splitting the cases against the AT&T defendants between two judges will neither conserve resources nor prevent inconsistent results. It would make no sense.

In their Administrative Motion, the *Campbell* and *DeBonis* plaintiffs emphasize the fact that they have not pled any federal causes of action. This is irrelevant in the context of a motion to relate cases because similar causes of action is not a factor in determining whether cases are related. *See* Civil L.R. 3-12(a). The important point is that *Campbell* and

1  *Hepting* concern substantially the same parties, transactions and events, and relating them
2  to *Hepting* (and therefore to *Roe*) will avoid the waste of resources and prevent inconsistent
3  results. In any event, these cases all implicate questions of federal law, as defendants in
4  *Campbell* explained in greater detail in their notice of removal. *See Campbell* Dkt. 1.

5  **III.    CONCLUSION.**

6  For the foregoing reasons, AT&T requests that *Campbell* be related to *Hepting*
7  pursuant to Civil L.R. 3-12.

8  Dated: June 13, 2006.

```
                                PILLSBURY WINTHROP SHAW PITTMAN LLP
                                BRUCE A. ERICSON
                                DAVID L. ANDERSON
                                JACOB R. SORENSEN
                                MARC H. AXELBAUM
                                DANIEL J. RICHERT
                                50 Fremont Street
                                Post Office Box 7880
                                San Francisco, CA  94120-7880

                                SIDLEY AUSTIN LLP
                                DAVID W. CARPENTER
                                BRADFORD A. BERENSON
                                DAVID L. LAWSON
                                EDWARD R. McNICHOLAS
                                1501 K Street, N.W.
                                Washington, D.C.  20005

                                By      /s/ Bruce A. Ericson
                                            Bruce A. Ericson

                                Attorneys for Defendants
                                AT&T CORP. and AT&T INC.
```

**DECLARATION PURSUANT TO CIVIL L.R. 7-11(a)**

I, **BRUCE A. ERICSON**, declare:

1. I am a member of the bar of this Court and a member of the law firm of Pillsbury Winthrop Shaw Pittman LLP. I am attorney of record for the named defendants in both *Hepting et al. v. AT&T Corp. et al.,* No. C-06-0672-VRW and in *Campbell et al. v. AT&T Communications of California, et al.,* No. C-06-3596-VRW ("*Campbell*"). I make this declaration in support of AT&T's Administrative Motion to Consider Whether Cases Should Be Related ("Administrative Motion"). I have personal knowledge of the facts stated herein and, if called as a witness, I could and would competently testify thereto.

2. As described in the foregoing Administrative Motion, counsel for plaintiffs in the *Campbell* action recently filed their own administrative motion to have the *Campbell* action related to *DeBonis, et al. v. Verizon Communications, Inc.*, No. C-06-3574-EDL, and have both cases proceed before Magistrate Judge Laporte. In light of this fact, I do not believe that a stipulation could be reached with plaintiffs in *Campbell* that would obviate this Administrative Motion.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 13th day of June, 2006, at San Francisco, California.

       /s/ Bruce A. Ericson
       Bruce A. Ericson