Hepting et al v. AT&T Corp. et al Doc. 234

ANN BRICK (State Bar No. 65296)
MARK SCHLOSBERG (State Bar No. 209144)
NICOLE A. OZER (State Bar No. 228643)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN CALIFORNIA
39 Drumm Street
San Francisco, California 94111
Telephone: (415) 621-2493
Facsimile: (415) 255-8437
abrick@aclunc.org
mschlosberg@aclunc.org
nozer@aclunc.org

Attorneys for Plaintiffs
(additional counsel listed on following page)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TASH HEPTING, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>AT&T CORP., et al.<br><br>Defendants. | Case No. C-06-0672-VRW<br><br>**OPPOSITION OF PLAINTIFFS TOM CAMPBELL, ET AL. AND DENNIS P. RIORDAN , ET AL. TO AT&T CORP.'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED** |
| TOM CAMPBELL, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>AT&T COMMUNICATIONS OF CALIFORNIA, et al,<br><br>Defendants. | Case No. 06-3596 VRW |

OPPOSITION OF PLAINTIFFS TOM CAMPBELL, ET AL. AND DENNIS RIORDAN, ET AL. TO AT&T CORP.'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED

Case No. C-06-0672-VRW

Dockets.Justia.com

PETER ELIASBERG (State Bar No. 189110)
CLARE PASTORE (State Bar No. 135933)
ACLU FOUNDATION OF SOUTHERN CALIFORNIA
1616 Beverly Boulevard
Los Angeles, California 90026
Telephone:  (213) 977-9500
Facsimile:  (213) 250-3919
peliasberg@aclu-sc.org
cpastore@aclu-sc.org

DAVID BLAIR-LOY (State Bar No. 229235)
ACLU FOUNDATION OF SAN DIEGO/IMPERIAL COUNTIES
P.O. Box 87131
San Diego, California 92138
Telephone: (619) 232-2121
Facsimile: (619) 232-0036
dblairloy@aclusandiego.org

LAURENCE F. PULGRAM (State Bar No. 115163)
JENNIFER L. KELLY (State Bar No. 193416)
SAINA SHAMILOV (State Bar No. 215636)
FENWICK & WEST LLP
Embarcadero Center West
275 Battery Street
San Francisco, California 94111
Telephone: (415) 875-2300
Facsimile: (415) 281-1350
lpulgram@fenwick.com

OPPOSITION OF PLAINTIFFS TOM CAMPBELL, ET AL. AND DENNIS RIORDAN, ET AL. TO AT&T CORP.'S
ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED

Case No. C-06-0672-VRW

Plaintiffs Tom Campbell, *et al.* and Dennis Riordan, *et al.*, submit this memorandum in opposition to the motion of AT&T Corp. suggesting that *Campbell, et al. v. AT&T Communications of California*, *et al.*, case no. C-06-3596 VRW ("*Campbell*") should be related to *Hepting, et al. v. AT&T Corp., et al.*, case no. C-06-00672 VRW ("*Hepting*"). As discussed in plaintiffs' own related case motion concerning *Campbell* and *Riordan et al. v. Verizon Communications, Inc.*, case no. C-06-3574 JSW ("*Riordan*"),[1] while *Campbell* and *Riordan* have much in common that justifies their being treated as related, they have little in common with *Hepting.*

Even the defendants in *Riordan* and *Campbell* concede that these two companion cases should be heard by the same judge. *See, e.g.*, Opposition of AT&T Defendants to the *Riordan-Campbell* related case motion at 2 ("Nonetheless, the *Campbell* and *Riordan* cases are related to *Hepting* because they involve substantially the same parties and events."); Defendant Verizon's Response to the *Riordan-Campbell* related case motion at 2, ("Defendant Verizon Communications Inc. . . . agrees that coordinated treatment of these cases would be appropriate but believes that if *Riordan* and *Campbell* are 'related' under Local Rule 3-12, two other cases . . . *Hepting* . . . and *Roe, et al. v. AT&T Corp., et al.*, No. C-06-03467—are also related."). Plaintiffs differ with defendants AT&T and Verizon, however, about whether *Riordan* and *Campbell* should be related to *Hepting* and *Roe*. In fact the two sets of cases are very different and little will be gained in terms of judicial economy in having all four cases before the same judge.

First, and foremost, the legal questions the Court will be called upon to resolve in the two sets of cases are quite different. *Hepting* and *Roe* are both nationwide class action suits for damages, in

[1] AT&T's Motion mistakenly refers to *Riordan* as "*Debonis*," but it is intending to refer to the same action, C-06-3574 JSW. *Riordan* has been reassigned to Judge White after a declination to proceed before a United States Magistrate Judge as it was initially assigned.

OPPOSITION OF PLAINTIFFS TOM CAMPBELL, ET AL. AND DENNIS RIORDAN, ET AL. TO AT&T CORP.'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED

Case No. C-06-0672-VRW

1

addition to seeking equitable relief.  *Riordan* and *Campbell* are <u>not</u> class action lawsuits, so none of the class issues that must be resolved in *Hepting* and *Roe* will be at issue in *Riordan* and *Campbell*.  Nor will any of the damages issues be relevant in *Riordan* and *Campbell* because plaintiffs in *Riordan* and *Campbell* seek only equitable relief.

More importantly, the gravamen of the *Hepting* and *Roe* complaints is the claim that defendants have violated federal law.  In *Hepting*, six of the seven claims for relief are based on federal law.  The sole state law claim asserted in *Hepting* is a claim under California Business & Professions Code section 17200 *et seq.*  That is the sole state law claim in *Roe*, as well.  *Riordan* and *Campbell*, on the other hand, assert <u>no</u> federal claims, nor do they assert a section 17200 claim.  Rather, the two claims for relief in *Riordan* and *Campbell* are based on (i) the privacy provision of Article I, section 1 of the California Constitution and (ii) Public Utilities Code section 2891, which prohibits telephone companies from providing customer calling records to third parties unless it has the customer's consent or unless it is required to provide the records pursuant to legal process.

Because *Riordan* and *Campbell* are quintessentially state law cases, the first substantive issue the district court must confront is its lack of subject matter jurisdiction over these two cases.  Nothing that has gone before in *Hepting* will result in any judicial economies in resolving that issue.  Moreover, resolution of that threshold issue will most likely result in a remand of the cases to state court, thus ending the need for further involvement by any judge of this court.  Thus the most expeditious and efficient way to manage *Riordan* and *Campbell* is to have them heard by the judge assigned to *Riordan*, the lower numbered of the two cases, and to keep them free of the complications and entanglements of *Hepting* and *Roe*.

OPPOSITION OF PLAINTIFFS TOM CAMPBELL, ET AL. AND DENNIS RIORDAN, ET AL. TO AT&T CORP.'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED

Case No. C-06-0672-VRW

2

Dated: June 16, 2006

Respectfully submitted,

By: s/Ann Brick
Ann Brick
Counsel for Plaintiffs

Ann Brick
Mark Schlosberg
Nicole Ozer
American Civil Liberties Union Foundation
of Northern California

Peter Eliasberg
Clare Pastore
American Civil Liberties Union Foundation
of Southern California

David Blair-Loy
American Civil Liberties Union Foundation
of San Diego/Imperial Counties

Laurence Pulgram
Jennifer L. Kelly
Saina Shamilov
Fenwick & West LLP

OPPOSITION OF PLAINTIFFS TOM CAMPBELL, ET AL. AND DENNIS RIORDAN, ET AL. TO AT&T CORP.'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED

Case No. C-06-0672-VRW

3