IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TASH HEPTING, et al, | No C-06-672 VRW |
|     Plaintiffs, | ORDER |
|     v | |
| AT&T CORPORATION, et al, | |
|     Defendants. | |

In addition to all other matters pertinent to the hearing noticed for June 23, 2006, the parties should be prepared to address the following questions:

1. Regardless how the court decides the government's motion to dismiss on state secret grounds, should the court grant an interlocutory appeal of that decision pursuant to 28 USC § 1292(b)?

2. If the court denies the government's motion to dismiss on state secret grounds and grants an interlocutory appeal, should the court stay proceedings?

3. How can the court minimize the conflict between plaintiffs' right to litigate this case and the government's duty to protect state secrets?  See <u>Ellsberg v Mitchell</u>, 709 F2d 51, 57 (DC Cir 1983) ("[T]he [state secret] privilege may not be used to shield any material not strictly necessary to prevent injury to national security; and, whenever possible, sensitive information must be disentangled from nonsensitive information to allow for the release of the latter.").

4. If the court does not dismiss this case, which of plaintiffs' claims is least likely to require discovery of classified evidence?

5. If a warrant is not required for the government via AT&T to intercept plaintiffs' communications, how can the Fourth Amendment's reasonableness requirement be adjudicated without implicating state secrets?

6. How can confirming or denying the existence of the alleged surveillance program at issue here, or AT&T's alleged participation in that program, constitute disclosure of a state secret when the program has been so widely reported in the public sphere?

//
//
//
//
//

7.  If the litigation discloses that AT&T received a certification from the government, the existence of this certification would evince AT&T's involvement in some kind of surveillance program.

    a.  Could the difference between a possibility that AT&T is involved (based on public reports) versus a near certainty that AT&T is involved (if it received a certification) itself be a state secret?

    b.  In particular, consider a terrorist who would use the communications channels that are allegedly being monitored so long as he is not certain that they are being monitored. If this litigation reveals that AT&T has received a certification and is involved in some kind of surveillance program, might the risk to national security of disclosure of the certification be *de minimis* and not outweigh plaintiffs' due process rights?

8.  Which of plaintiffs' claims could survive if AT&T received a certification from the government?

9.  If the court denies the government's motion to dismiss on state secret grounds, what are the parties' positions on the possible appointment pursuant to FRE 706 of an expert to advise the court on state secret assertions with respect to particular pieces of evidence?

10. If the court decides to appoint an FRE 706 expert, what are the criteria that the court should use in making that appointment?

11. If such an expert is appointed, what responsibilities should that expert have?

      IT IS SO ORDERED.

VAUGHN R WALKER
United States District Chief Judge