1  ELECTRONIC FRONTIER FOUNDATION
   CINDY COHN (145997)
2  cindy@eff.org
   LEE TIEN (148216)
3  tien@eff.org
   KURT OPSAHL (191303)
4  kurt@eff.org
   KEVIN S. BANKSTON (217026)
5  bankston@eff.org
   CORYNNE MCSHERRY (221504)
6  corynne@eff.org
   JAMES S. TYRE (083117)
7  jstyre@eff.org
   454 Shotwell Street
8  San Francisco, CA 94110
   Telephone: 415/436-9333
9  415/436-9993 (fax)

10 Attorneys for Plaintiffs

11 [Additional counsel appear on signature page.]

13 UNITED STATES DISTRICT COURT

14 FOR THE NORTHERN DISTRICT OF CALIFORNIA

15 SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE NATIONAL SECURITY AGENCY TELECOMMUNICATIONS RECORDS LITIGATION, MDL No. 1791 | MDL Docket No 06-1791 VRW |
| | **CLASS ACTION** |
| This Document Relates To: | **[PROPOSED] INTERIM ORDER TO PRESERVE EVIDENCE** |
| ALL CASES except AL HARAMAIN v. BUSH 07-0109; CENTER FOR CONSTITUTIONAL RIGHTS v. BUSH 07-1115; UNITED STATES V. FARBER, ET AL 07-1324; UNITED STATES V. ADAMS, ET. AL. 07-1323; UNITED STATES V. PALERMINO, ET AL, 07-1326; UNITED STATES V. VOLZ, ET AL, 07-1396 | Date: October 25, 2007<br>Time: 2:00 p.m.<br>Courtroom: 6, 17th Floor<br>Judge: The Hon. Vaughn R. Walker |

1. This matter came on for hearing before the Court on Plaintiffs' motion for an order to preserve evidence. Having given full consideration to all of Plaintiffs' papers, evidence, and the relevant authorities, all of Defendants' responses thereto, and the oral presentations of counsel, and good cause appearing, it is HEREBY ORDERED as follows:

1. All parties and interveners as well as their employees, officers, agents, servants, contractors, carriers, bailees, attorneys, or persons in active concert or participation with them must take all necessary actions to prevent the destruction or alteration of what they know, or reasonably should know, will be relevant evidence in this litigation until further Order of this Court, including any evidence the destruction of which would prejudice another party.

2. Counsel is under an obligation to exercise reasonable efforts to identify and notify parties and nonparties, including employees and agents of corporate or institutional parties and non-parties, who possess or will possess materials reasonably anticipated to be relevant in this action.

3. If the practices of any party involve the destruction, recycling, relocation, or mutation of such materials, the party must either

    (1) halt such practices;

    (2) sequester or remove such material from the process; or

    (3) arrange for the preservation of complete and accurate duplicates or copies of such material, suitable for later discovery if requested.

4. A party may apply to the court for further instructions or relief from this Order upon reasonable notice after the Ninth Circuit decision in *Hepting v. AT&T*.

5. Each party will, within 10 days after receiving this Order, designate an individual who shall be responsible for ensuring that the party carries out the requirements of this Order.

\* \* \*

**O R D E R**

IT IS SO ORDERED.

DATED: _____     _____

THE HONORABLE VAUGHN R. WALKER

CHIEF UNITED STATES DISTRICT JUDGE