1  PILLSBURY WINTHROP SHAW PITTMAN LLP
   BRUCE A. ERICSON  #76342
2  JACOB R. SORENSEN  #209134
   MARC H. AXELBAUM  #209855
3  DANIEL J. RICHERT  #232208
   50 Fremont Street
4  Post Office Box 7880
   San Francisco, CA  94120-7880
5  Telephone: (415) 983-1000
   Facsimile: (415) 983-1200
6  Email: bruce.ericson@pillsburylaw.com

7  SIDLEY AUSTIN LLP
   DAVID W. CARPENTER (admitted *pro hac vice*)
8  BRADFORD A. BERENSON (admitted *pro hac vice*)
   DAVID L. LAWSON (admitted *pro hac vice*)
9  EDWARD R. MCNICHOLAS (admitted *pro hac vice*)
   ERIC A. SHUMSKY #206164
10 1501 K Street, N.W.
   Washington, D.C.  20005
11 Telephone:  (202) 736-8010
   Facsimile:  (202) 736-8711
12
   Attorneys for Defendant AT&T CORP.
13

14             UNITED STATES DISTRICT COURT

15             NORTHERN DISTRICT OF CALIFORNIA

16                  SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>NATIONAL SECURITY AGENCY TELECOMMUNICATIONS RECORDS LITIGATION<br><br>―――――――――――――――――<br>This Document Relates To:<br><br>*TASH HEPTING, et al. v. AT&T CORP.,*<br>No. C-06-0672-VRW | MDL Dkt. No. 06-1791-VRW<br><br>**RESPONSE OF AT&T CORP. TO** *HEPTING* **PLAINTIFFS' ADMINISTRATIVE MOTION TO RELATE** *JEWEL* **TO** *HEPTING* **[Docket Nos. 383-84]**<br><br>[Civ. L.R. 3-12(e)]<br><br>Courtroom:  6, 17th Floor<br>Judge:     Hon. Vaughn R. Walker |

1        This is the response of **AT&T CORP.** ("AT&T") to the "Administrative Motion by Plaintiffs to Consider Whether Cases Should Be Related; Declaration of Kevin Bankston," MDL Docket No. 383, filed Oct. 21, 2008.

       *Jewel* is a case brought solely against the federal government and various government officials. *Hepting* is a case brought solely against AT&T and its parent (although the federal government intervened to assert the state secrets defense).

       *Jewel* asserts 17 claims, at least nine of which do not appear in *Hepting*. *Hepting* asserts seven claims, only three of which appear in *Jewel*. (The numbers do not add up because some legal theories asserted as one count in *Hepting* appear in as many as four counts in *Jewel*.) Despite some "subject matter" overlap, the two cases raise different legal issues and may be met by very different defenses.

       AT&T does not object to relating *Jewel* to *Hepting* so long as relating the two cases does not affect in any way the Court's briefing schedule (MDL Docket No. 381) for dispositive motions pursuant to the FISA Amendments Act of 2008, Pub. L. No. 110-261. The principal purpose of Title II of the FISA Amendments Act is to achieve a prompt dismissal of cases such as *Hepting* filed against carriers. It would frustrate congressional intent to let a procedural device such as a related-case motion delay the Court's consideration of dispositive motions filed pursuant to the FISA Amendments Act.

Dated: October 23, 2008.

| | |
|---|---|
| PILLSBURY WINTHROP<br>  SHAW PITTMAN LLP<br>BRUCE A. ERICSON<br>JACOB R. SORENSEN<br>MARC H. AXELBAUM<br>DANIEL J. RICHERT<br>50 Fremont Street<br>Post Office Box 7880<br>San Francisco, CA 94120-7880 | SIDLEY AUSTIN LLP<br>DAVID W. CARPENTER*<br>BRADFORD A. BERENSON*<br>DAVID L. LAWSON*<br>EDWARD R. McNICHOLAS*<br>ERIC A. SHUMSKY<br>1501 K Street, N.W.<br>Washington, DC 20005<br><br>\* admitted *pro hac vice* |
| By   /s/ Bruce A. Ericson<br>      Bruce A. Ericson | By   /s/ Bradford A. Berenson<br>      Bradford A. Berenson |

Attorneys for Defendant AT&T Corp.